376 P.2d 386

Larry **NICHOLSON**, Plaintiff,

v.

The **INDUSTRIAL COMMISSION** of Utah, Americana Corporation and Fireman's Fund Insurance Company, Defendants.

No. 9666.

Supreme Court of Utah.

Nov. 26, 1962.

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Christensen & Jensen, Salt Lake City, for defendants.

WADE, Chief Justice.

Larry Nicholson seeks review of an order of the Industrial Commission of Utah refusing to grant him an award under the provisions of the Workmen's Compensation Act for injuries claimed to have been received during the course of his employment for the Americana Corporation for whom he worked as a sales representative. The Commission concluded that Nicholson was not an employee of the Americana Corporation and therefore did not come within the provisions of the Act.

At the time of the accident Larry Nicholson was a book salesman for the Americana Corporation working under a written agreement, the preamble of which describes it as being "an agreement of employment." The compensation provided was commissions to be paid on a weekly basis for books sold by

**4**

Nicholson. Under the provisions of this agreement Nicholson agreed:

"1. To give his entire time and service to the sale of the Company's publications; to learn the Company's sales presentation; to represent the Company's product in the *manner directed, and not otherwise*, and in the territory indicated from time to time by its Manager; to render promptly all reports which may be requested; to report at the Company's office whenever required; and to abide by all the rules of the Company. (Emphasis added.)

\*     \*     \*     \*     \*     \*

"3. To report on Company forms, and under Company rules, the amount of actual traveling expense incurred so that expense may be deducted from total payments in determining social security, payroll and withholding taxes, it being mutually understood that total payments made as commission cover both compensation for services and traveling expense."

This agreement was to remain in effect for a period of one year unless cancelled sooner by either party. It was renewable automatically unless cancelled by written notice given by either party at least 10 days before the renewal date. Some time after entering into this agreement the Americana Corporation asked Nicholson to enter into another type of agreement with it wherein his status would be described as that of an independent contractor and the company would not deduct his social security and federal income tax from his earnings. Nicholson did not desire to make this change and therefore he continued working under the old contract. There was a period of time when Nicholson worked for others while this contract was in effect, but at the time of the accident he had returned to work under the old agreement.

Defendants rely upon the decisions of this court in Stover Bedding Co. v. Industrial Commission and Christean v. Industrial Commission [1] as authorities sustaining the Commission's finding that Larry Nicholson was an independent contractor and therefore did not come under the provisions of the Workmen's Compensation Law.

In the Stover Bedding Co. case, which was a claim for Workmen's Compensation by a widow of a salesman claimed to be an employee killed in an auto accident, there was no written agreement. The witness for the company testified that it had no right of control and did not exercise any right of control over the decedent. The record disclosed that he received no instructions as to the manner in which he should do his work,

1. Stover Bedding Co. v. Ind. Com., 99 Utah 423, 107 P.2d 1027, 134 A.L.R. 1006 and cases cited therein; Christean v. Ind. Com., 113 Utah 451, 196 P.2d 502.

where he was to go or how he was to conduct his work. He paid his own expenses and had another line of merchandise which he also sold as well as the company's. Under these circumstances we held that the indicia compelled a conclusion that decedent was an independent contractor and not an employee subject to the provisions of the Workmen's Compensation Act. The Christean case involved an insurance salesman. In that case there were written agreements. Except for the fact that the parties in that case showed their intention that the relationship should be that of an independent contractor by contracting to that effect, and the facts that Christean was limited to selling insurance only for the company and that the territory in which he could solicit sales was limited to the state of Utah, the indicia of control or the right to control were similar to those in the Stover Bedding Co. case.

In the instant case, unlike the facts in the Stover Bedding Co. and Christean cases, the record discloses that the parties entered into what they considered was a contract of employment in which contract Nicholson not only was required to give his entire time and service to the sale of the company's publications, but he was required to make the sales in the manner directed and in territories indicated and not otherwise. Nicholson was provided with detailed instructions on sales approach and talks which he was required to learn and use. Here the written contract itself shows that it was the intent of the parties that an employer-employee relationship exists, which was further evidenced by the fact that provision was made for deductions for social security, payroll and withholding taxes, none of which would be necessary or likely in the case of an independent contractor. In Sutton v. Industrial Commission[2] this court in approving the adoption in the Christean case of the criteria set forth in the American Law Institute Restatement of Agency, Sec. 200, to determine whether a status is that of employer-employee or independent contractor, said:

" * * * While the elements of control by the employer and the intent of the parties are the most important ones, none of the factors separately is controlling. It is from a consideration of all of them together that determination is to be made whether the relationship is in essence that of employer-employee or of independent contractor, * * *."

Where there is doubt as to any of these elements the Commission determines the facts.

From the record and from the contract itself it appears that all the indicia including intent of the parties and the right to control the manner of work are those which pertain to an employer-employee relationship and not that of an independent contractor.

2. Sutton v. Ind. Com., 9 Utah 2d 339, p. 341, 344 P.2d 538, p. 540.

**6**

Therefore, as a matter of law the findings of the Commission are not supported by the evidence. Decision reversed. Costs to plaintiff.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.