389 P.2d 730

Larry **NICHOLSON**, Plaintiff,

v.

The **INDUSTRIAL COMMISSION** of Utah, Americana Corporation and Fireman's Fund Insurance Company, Defendants.

No. 9888.

Supreme Court of Utah.

Feb. 28, 1964.

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Jr., Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Christensen & Jensen, Salt Lake City, for defendants.

CALLISTER, Justice:

Plaintiff, who lost his right eye as the result of an accident, appeals from an order of the Industrial Commission denying his application for an award under the Workmen's Compensation Act.

The injury was incurred on June 27, 1961. Plaintiff made application for compensation and hearings were held by the Commission in October and November of the same year. At the conclusion thereof the application was denied by the Commission for the reason that plaintiff was not an "employee." This decision was reversed by this court.[1] Subsequently, the employer and its insurance carrier requested an additional hearing because of newly-developed evidence to the effect that the accident did not occur in the course of plaintiff's employment. This request was granted and a hearing was held on Feb-

ruary 28, 1963. The Commission then ruled that the injury was not sustained in the course of plaintiff's employment and denied him an award.

In Jones v. California Packing Corporation[2] this court recognized the fact that it will not disturb the findings or order of the Commission if they are supported by any *substantial* evidence. However, it also recognized the duty of this court, particularly with reference to a denial of compensation, to determine whether the Commission had arbitrarily disregarded competent evidence in favor of unsubstantial contradictory evidence.

In the instant case, it was developed at the first hearings that plaintiff, a book salesman for Americana Corporation, had lost the sight of his right eye by virtue of a fastener from the rear seat cover of his automobile "flipping" into it. The evidence adduced, and it was not disputed, was to the effect that plaintiff, on the day of the injury, drove his car to the home of another Americana salesman, Dean Ellis, in Ogden, Utah.

Plaintiff and Ellis were to make a trip that day to sell books. Americana had recently introduced a "Classic" series of books with which the plaintiff had some familiarity. He had been requested by his superiors to acquaint and instruct Ellis with reference to the proper method of

1. 14 Utah 2d 3, 376 P.2d 386 (1962).

2. 121 Utah 612, 244 P.2d 640 (1952).

presenting these books to prospective customers. According to plaintiff, he was in the process of removing his sales kit from the rear seat of his automobile—to take the same into Ellis's home for purposes of instruction—when he dislodged an elasticized strap that held a seat cover in place. He set the kit upon the street and attempted to refasten the strap. In stretching the strap, the hook at its end slipped out of his fingers and flipped into his eye.

Although there were no witnesses to the accident; there was substantial evidence to corroborate plaintiff's version. At these first hearings, there was no evidence presented to the effect that the accident had not occurred during the course of employment—the defense being only that plaintiff was not an employee of Americana.

At the hearing which was held after this court reversed the Commission's first order denying compensation, the employer and its insurance carrier had the plaintiff's ex-father and mother-in-law testify in their behalf. Their testimony was to the effect that they visited plaintiff at the hospital on the evening of the mishap and that he advised them that the accident had occurred while he was installing new seat covers in his automobile. According to them, he later reiterated this version and made remarks to the effect that he was going to "take" the insurance company.

It is significant that these ex-in-laws did not testify at the first hearings. In fact, it was developed at the last hearing, by questions propounded by the insurance carrier, that the ex-mother-in-law had called the insurance carrier by telephone and advised them as to the information which she and her husband allegedly possessed. This call was made after the first hearings and some time (it is not disclosed whether before or after) when this court rendered its prior decision in this matter.

It is of especial significance that it was shown, and admitted by them, that the ex-in-laws had a great deal of animosity toward the plaintiff. It appears that plaintiff and his wife were divorced after his injury. Considerable trouble ensued between plaintiff and his ex-in-laws particularly with reference to the custody of a child. Also, plaintiff's ex-wife was committed to prison in California for embezzlement for which her parents blamed the plaintiff. It was after this trouble began that the ex-in-laws volunteered the information to the insurance company.

Plaintiff denied telling the ex-in-laws at the hospital that he had been installing new seat covers at the time of the accident. Furthermore, at the time of the alleged admission, he was under narcosis following surgery. Plaintiff's father, who was at the hospital at that time, testified that the ex-in-laws were not admitted to plaintiff's room on that evening, but remained in the waiting room.

Although Ellis was not an actual eye witness to the accident, he was able to testify that plaintiff was not installing new seat covers at the time.

█ It is with great rarity that this court has held the findings and order of the Commission arbitrary and capricious. However, we are compelled to do so in the instant case. The evidence which the Commission chose to believe in denying plaintiff's claim was biased and insubstantial. It is not worthy of belief. The evidence contradicting as well as the evidence in favor of an award must have substance.[3]

With respect to the evidence supporting plaintiff's claim, the following statement in Jones v. California Packing Corp.[4] is apropos:

"If the Commission could go so far as to refuse to believe such evidence, in the absence of anything of substance to refute it, then it certainly would possess arbitrary powers with no effective review left available to the litigant. * * *"

The decision and order of the Commission denying plaintiff an award are hereby vacated and set aside. Costs to plaintiff.

HENRIOD, C. J., and CROCKETT, McDONOUGH and WADE, JJ., concur.

3. Norris v. Industrial Commission, 90 Utah 256, 61 P.2d 413.