437 P.2d 451

**MERLE HINDS CO., Inc., Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah, United States Fidelity and Guaranty Company, Philip M. Raleigh Company and Harold Bawden, Defendants.**

No. 10891.

Supreme Court of Utah.

Feb. 1, 1968.

James Brown, H. Byron Mock, of Neslen & Mock, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Andrew Hurley, Salt Lake City, for defendants.

TUCKETT, Justice:

The Industrial Commission made an award of workmen's compensation to the applicant, Harold Bawden. The plaintiff is here seeking a reversal of the decision of the Commission.

Harold Bawden was employed by the plaintiff, Merle Hinds Co., Inc., as a salesman in September of 1962. His job was to solicit orders from bakers, candy makers, ice cream makers, clubs and grocery stores. Bawden worked on a commission basis and used his own automobile in soliciting orders for the plaintiff. Merle Hinds Co. furnished medical and hospital insurance coverage on its employees including Bawden. It also carried insurance with the United Commercial Travelers Insurance Company for all of its employees including the applicant.

On April 30, 1965, Bawden was at the plaintiff's warehouse where he assisted one of the drivers in loading his truck. While at the warehouse Bawden intended to get some merchandise to fill a special order. In order to get the particular merchandise it became necessary for Bawden to read the labels attached to the cases of goods. In reading the labels on the lower cases in the stacks Bawden gradually assumed a squatting position and while in that position he felt a pain in his knee. After again assuming an upright position Bawden discovered that he could not straighten his leg. By using a broomstick as a cane he was able to complete his duties for that day. Other employees of the plaintiff were aware of the fact that Bawden had suffered an injury while at the warehouse.

Bawden consulted his own physician and was referred to Dr. Sam Taylor, a specialist in orthopedic surgery. The applicant's condition was diagnosed as a split knee cartilage. Surgery was performed to repair the injury. Bawden was discharged from the hospital and shortly thereafter was readmitted for treatment of an illness which resulted from the effects of the operation. Bawden remained in the hospital with the illness for a considerable period.

After the injury the Merle Hinds Co. learned that its workmen's compensation insurance policy through inadvertence had not been renewed and that there was no coverage in force at the time of Bawden's injury.

The Commission found that Bawden on the date in question was engaged in activities unusual to him in that he was assisting in getting out an order. In performing this duty he was required to crouch low on his haunches in order to examine a row of merchandise. Such an unusual position created an unusual strain on the knee, which in turn created a split knee cartilage. The Commission adopted the report of the medical panel and its findings to the effect that the surgery was made necessary by the accident and that the later illness suffered by Bawden, and its compli-

cations, arose as a result of the surgery, and therefore were directly related to the accident.

The plaintiff claims that the Commission erred in finding that the applicant suffered an accident in the course of his employment; and the Commission erred in finding that the applicant was an employee rather than an independent contractor.

We are of the opinion that the findings of the Commission that the applicant was engaged in activities unusual to him which required him to assume an unusual position which created an unusual strain upon his knee, which in turn resulted in the injury is amply supported by the evidence. The finding of the Commission in this respect falls within the definition of the term "accident" by this court in prior decisions. It has been defined as connoting an unanticipated, unintended occurrence different from what would normally be expected to occur in the usual course of events.[1]

As to the plaintiff's claim that the applicant was an independent contractor, it appears that this issue was first raised by the plaintiff upon its second petition for a review. This petition was denied by the Commission. At the time of the first hearing before the Commission no claim was made by the plaintiff that the applicant was not an employee. The record did indicate that the plaintiff did in fact pay for medical and hospital insurance upon its employees, including the applicant, and that the plaintiff also covered its employees, including the applicant, with other insurance, and had in fact carried a policy covering workmen's compensation which was mistakenly not renewed. The record is silent as to whether or not the plaintiff controlled or had the right to control the activities of the applicant in the conduct of the plaintiff's business. Where there is doubt as to the elements of control or intention of the parties as to the relationship of employer or employee that fact is for the determination of the Commission.[2] The evidence before the Commission amply supports a finding that the applicant was in fact an employee.

We are of the opinion that the findings of the Commission and its award pursuant thereto should be affirmed. Costs to the defendants.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Carling v. Industrial Comm., 16 Utah 2d 260, 399 P.2d 202 and cases cited therein.

2. Nicholson v. Industrial Comm., 14 Utah 2d 3, 376 P.2d 386.