GIBSON et al. v. INDUSTRIAL COMMISSION et al.

No. 5271.   Decided May 6, 1933.   (21 P. [2d] 536.)

*Willard Hanson, L. R. Rogers,* and *A. H. Hougaard,* all of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Attorney General, and *Hamilton Gardner,* of Salt Lake City, for defendants.

PRATT, District Judge.

The only question in this case is: Was Wheatley H. Gibson, the deceased husband of the applicant Sarah J. Gibson and the father of the other applicants in the case, an employee of the Campion Company, a partnership, at the time he met his death under his truck while hauling gravel for said partnership? The Industrial Commission held that said deceased was not an employee at said time, but was an independent contractor, and denied applicants' claim for an award. The facts of the case, as we get them from the testimony taken before the commission, are these:

Wheatley H. Gibson and one David H. Hadley were partners engaged generally in hauling gravel and digging foundations. J. Campion and Frank Campion were partners engaged in building contracting. Prior to the accident the Campions were preparing for the construction of a building

at 2344 Washington avenue, Ogden, Utah. They consulted Gibson and Hadley as to the digging of the foundation and the hauling of the gravel for the building. The conversations between them resulted in an agreement of $100 for the foundation and $1.75 per load for the gravel as and when needed—it was estimated that approximately 12 loads would be needed. The Campions directed the placing of the loads; directed the number of loads needed at specified times; requested that the foundation be finished at a certain time; inspected each load as to the quality of gravel; and at times requested loads that necessitated the hauling of gravel rather early in the morning. Gibson and Hadley furnished the trucks and gasoline; dug the foundation according to specifications submitted by the Campions; made changes in the specifications under the directions of the Campions; delivered the quality of gravel required by the contractors; but there was no specified time that they were to go to work so long as they had the required quality and quantity of gravel at the place designated by the Campions at the time desired by the latter. It does not appear that this work required Gibson and Hadley to employ help, but Hadley testified that, when such circumstances arose, they employed others and paid their salaries. Hadley testified that, while Gibson was hauling a load on this job he (Hadley) was hauling on another job not connected with the Campions.

These roughly are the circumstances of the case. The foundation had been dug, and approximately fifteen loads of gravel had been hauled when the truck driven by Gibson slid over an embankment killing him.

Quite clearly the Campions were interested only in results—in having the foundation dug according to specification at a certain time; in having loads of gravel on the premises at designated points and times; and in having a particular quality of gravel when needed. As to how this was accomplished by Gibson and Hadley was immaterial; the latter did not have to appear at work at any specified time, nor quit at any specified time; their whole time was not

given to this Campion contract; they were merely carrying out their own line of business as distinguished from the line of work of the Campions; had other similar work been available at the time undoubtedly under the testimony of Hadley they would have taken it and hired others to help do it if necessary. Clearly Gibson and Hadley were independent contractors.

The decision of the Industrial Commission of the state of Utah in this case is affirmed.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.