## KINDER et al. v. INDUSTRIAL COMMISSION et al.

No. 6692.   Decided July 8, 1944.   (150 P. 2d 109.)

See 71 C. J. Workmen's Compensation, Sec. 209. Test of independent contractor relationship in the field of workmen's compensation, note, 147 A. L. R. 828. See also, 28 R. C. L. 762.

A. H. HOUGA'ARD, of Salt Lake City, for plaintiffs.

GROVER A. GILES, Atty. Gen., ZAR E. HAYES, Asst. Atty. Gen., and F. A. TROTTIER, of Salt Lake City, for defendants.

WOLFE, Chief Justice.

Certiorari to review an order of the Industrial Commission of Utah in which the plaintiffs were denied compensation for the death of Veloyed Kinder.

Plaintiff, Ellen 'Clift Kinder, is the widow of the deceased, Veloyed Kinder. The remaining plaintiffs are his surviving minor children. Veloyed Kinder came to his death on August 14, 1943. It appeared from the evidence that he must have been run over by the loaded gravel truck which he had been driving. At the time of his death he was hauling gravel for the Wasatch Sand & Gravel Company under an arrangement which the Commission held to be an independent contractor relationship.

While several assignments of error are set forth, the only issue presented for our determination is whether the deceased, Veloyed Kinder, was an employee of the Wasatch Sand & Gravel Company at the time of his accidental injury and death. The Commission found that the deceased was an independent contractor and upon the authority of *Luker Sand & Gravel Company* v. *Industrial Commission*, 82 Utah 188, 23 P. 2d 225, and *Gibson* v. *Industrial Commission*, 81 Utah 580, 21 P. 2d 536, denied compensation.

The evidence discloses that Kinder drove a truck owned by a third person, Hasna, up to the gravel pits of the Wasatch Sand & Gravel Company about three weeks prior to the date of his death. Kinder asked if the Company needed any more trucks and was informed that it did. He was told where the gravel was to be unloaded and price per yard that was being paid by the Company to the various truckers who were hauling the gravel. Griffiths testified that he informed Kinder that they paid by the yard and left it up to the various truckers to determine whether or not they cared to haul for that price. Kinder agreed to haul and was told to pull under the shovel and get a load.

No directions were given concerning the route that was to be traveled in order to get the gravel to its destination. If the truckers hauling were not able to get sufficient gravel hauled at the times it was needed, additional truckers would be engaged. No regulations were made regarding hours of work or the speed at which the truckers would drive. The truckers furnished their own trucks and the necessary gas, oil and maintenance parts. At the time the truck was loaded the trucker was given a slip showing the number of yards of gravel he had loaded. When the gravel was delivered at its destination some one there signed for the receipt of the gravel. These receipt tickets were presented to the Company and once a week payment was made at the agreed price. If the truckers desired they could interrupt the hauling for the Company and haul for third parties. They could call at the Company pits and would be permitted to haul at the agreed price per yard whenever the Company had gravel to haul. There was no requirement that drivers haul a minimum number of loads per week or per month. They could haul but one load per day or more if they desired. The only control over the work of the truckers which the Company maintained was the right to direct where to load and where to unload.

We can see no essential difference between the facts this case and the situation involved in *Luker Sand & Gravel Company* v. *Industrial Commission,* 82 Utah 188, 23 P. 2d 225. The plaintiff points out that in the Luker case the trucker who was killed had not entered into any negotiations with the gravel company; that all negotiations for the hauling of the gravel were carried on between the owner of the truck and the company. This, however, is not a controlling factor. It is more essential to note the terms of the arrangement actually made. The arrangements herein made were such that the Commission must have found that an independent contractor relationship existed between Kinder and the Wasatch Sand & Gravel Company.

The order denying compensation is affirmed.

LARSON, McDONOUGH, WADE, and TURNER, JJ., concur.