344 P.2d 538

Harry SUTTON and F. W. Black, dba
Eager·Beaver Roofing Co.,
Plaintiffs,

v.

INDUSTRIAL COMMISSION OF UTAH
and Curtis Owen Rupp, Defendants.

No. 9033.

Supreme Court of Utah.

Oct. 6, 1959.

Andrew John Brennan, Salt Lake City, for plaintiffs.

Walter L. Budge, Atty. Gen., Homer F. Wilkinson, Asst. Atty. Gen., for defendants.

CROCKETT, Chief Justice.

Review of an order of the Industrial Commission making an award to Curtis Owen Rupp for an injury suffered while helping to apply hot tar to a roof which defendants, Harry Sutton and F. W. Black, dba Eager Beaver Roofing Company, had contracted to install.

The question of concern is whether the evidence supports the determination of the Commission that Mr. Rupp was an employee of the defendants. Their contention is that he was not their employee but that of Dan Reynolds and Glen Curtis who were applying the roof for them as independent contractors.

Eager Beaver Roofing Company had contracted to put on a "build-up" roof, which consists of alternate layers of hot tar and fine gravel, for a Mr. Don Graber. As is customary in that trade, the actual roofing was to be done by men known in the business as "applicators." For this purpose Eager Beaver had engaged the services of Glen Curtis and Dan Reynolds on this particular job, and agreed to pay them $4.50 per square.[1]

The evidence is that Mr. Rupp, a nephew of Curtis, went to one of the partners, F. W. Black, and asked about employment. The latter told him to see Reynolds, the foreman, which he did and was put on as the "kettleman" to carry the hot tar in buckets to the men working on the roof. Curtis and Reynolds agreed to pay him $2.00 per hour which

1. In roofing parlance a "square" is a segment 10 feet by 10 feet, i. e. 100 square feet.

was to come out of their proceeds from the job. After Rupp had worked about half a day he fell from the ladder and was burned quite severely by the hot tar.

The distinction between the relationship of employer-employee in which the employee has various advantages, including workmen's compensation, as contrasted with the independent contractor status, in which he does not have those advantages, has been a constant subject of controversy and has been dealt with in numerous cases by this court.[2] The conditions of employment are so various that it has proved difficult to formulate a definition setting forth specific factors which will invariably apply as an exclusive definition of the employer-employee relationship as distinguished from the status of independent contractor. Generally speaking, an employee is one who is hired and paid at a given rate to do work that is part of the trade or business of the employer, and is subject to constant supervision and control in performing his duties; whereas the independent contractor is engaged to do a particular job or piece of work for a set sum and is not subject to such supervision and control but is responsible only for its completion.[3]

In the case of Christean v. Industrial Commission[4] we adopted the criteria set forth in the Restatement of Agency, § 220, p. 485, for making the distinction between the two relationships, which we refer to with approval but in the interest of brevity do not repeat here. While the elements of control by the employer and the intent of the parties are the most important ones, none of the factors separately is controlling. It is from consideration of all of them together that determination is to be made whether the relationship is in essence that of employer-employee or of independent contractor, which is primarily the responsibility and the prerogative of the Commission.

Proceeding upon the premise just stated, it seems clear that the Commission was justified in the instant case in finding Mr. Rupp to be an employee. Having an important bearing thereon is the fact that Reynolds could be regarded as the "foreman" for Eager Beaver, both because Mr. Black so referred to him, and there is evidence that he was on its payroll receiving

2. Sommerville v. Industrial Commission, 1948, 113 Utah 504, 196 P.2d 718; Parkinson v. Industrial Commission, 1946, 110 Utah 309, 172 P.2d 136; Stover Bedding Co. v. Industrial Commission, 1940, 99 Utah 423, 107 P.2d 1027, 134 A.L.R. 1006; Miller v. Industrial Commission, 1939, 97 Utah 226, 92 P.2d 342; Kinder v. Industrial Commission, 1944, 106 Utah 448, 150 P.2d 109; Stricker v. Industrial Commission, 1920, 55 Utah 603, 188 P. 849, 19 A.L.R. 1159; Angel v. Industrial Commission, 1924, 64 Utah 105, 228 P. 509.

3. Ibid; Utah Code Annotated, 1953, 35–1–42.

4. 113 Utah 451, 196 P.2d 502.

342

money in advance of this job. Through him it had control over the work. It is further shown that the partner Sutton was on hand to initiate the job and to explain the specifications and directions pertaining to it. Other significant facts are that Eager Beaver paid Rupp directly for his work; and that it furnished the roofing and hauled it there in its own trucks.

Persuasively supporting the order made here is the case of Plewe Construction Co. v. Industrial Commission [5] where the facts are very similar. There is admittedly some difference in the proof as to the actual supervision of the work. But in the instant case upon conflicting evidence the Commission found that the defendant employer could exercise such supervision and control.

■ There is substantial credible evidence in the record to sustain the finding that Rupp was an employee of plaintiffs. This justifies the order of the Commission. There is therefore no basis upon which its action can be regarded as capricious, arbitrary or unreasonable, in which instance it is our duty to affirm.[6]

Order affirmed. Costs to defendant.

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

5. 121 Utah 375, 242 P.2d 561.

6. See J. B. & R. E. Walker, Inc., v. Industrial Commission, 1958, 7 Utah 2d 132, 320 P.2d 650.