Gilbert CAPSON and Linda Capson, his wife, Plaintiffs and Appellants,

v.

A. J. DEAN READY MIX CONCRETE CO. and Arctic Circle, Inc., Defendants and Respondents.

No. 14524.

Supreme Court of Utah.

Nov. 4, 1976.

Boyd M. Fullmer, Fullmer & Harding, Salt Lake City, for plaintiffs and appellants.

Timothy R. Hanson, Hanson, Wadsworth & Russon, Salt Lake City, for A. J. Dean Ready Mix.

Ray R. Christensen, Christensen, Gardner, Jensen & Evans, Salt Lake City, for Arctic Circle.

HENRIOD, Chief Justice:

Appeal from an order dismissing Capson's complaint against Arctic Circle, Inc., one of the defendants in a case where Capson was injured by a collapsing wall. Affirmed with costs to Arctic.

Only issue here is whether the complaint stated a cause of action. It stated that Capson was a *subcontractor* "doing foundation work on" Arctic's premises, that "in performance of his subcontract obligation [1] formed the foundation in the excavation provided by" Arctic, "and concrete was ordered by Arctic Circle to be poured in the forms provided by . . . Capson." Arctic also had engaged one Dean to furnish, deliver and unload the concrete,— which Capson said negligently had been accomplished by Dean, accompanied by Arctic's negligent failure to shore up the sides of the excavation, provoking an unsafe area for workmen.

After a motion to dismiss on the basis that no cause of action had been stated, Capson, on motion, was allowed to amend, and the first complaint was augmented to increase the special damages amount. Capson asked leave file a second amended complaint which was granted, in which he added a fourth cause of action in which he said that "Capson was *employed* by the Arctic Circle to do certain concrete excavation and foundation placement on their property . . . ." and that "Capson was engaged in doing the work *designated* by the Defendant's agent from Arctic Circle, and that Arctic Circle was directing specifically all of the work of . . . Capson and that said work was performed as part of its usual course of business . . . , that is, of also constructing Arctic Circle installation."

Arctic filed a motion to dismiss the second amended complaint, included in which was the defensive assertion, "That this court has no jurisdiction of the subject matter of said claim." Capson did not ask for reconsideration, new trial, a hearing, findings of fact or any other relief, but chose to appeal on the record as was. The record does not reflect that he pursued anything or any procedure, discovery, or otherwise, that would overcome his own pleaded statements or admissions of an employer-employee relationship, or substantiate his urgence for the first time on appeal, of any debatable issue as to whether he was or was not an employee in the Workmen's Compensation sense of the term.

There is nothing in Rule 12(b)(6) that burdens defendant in this case to plead some kind of defense, as Capson claims,— since there is no duty under any rule that would require anything more than a de-

---

1. The "obligation" pleaded did not say in the paragraph in which it was included, as quoted above, to whose benefit it was to inure, but the whole record makes it obvious that he had been employed by Arctic to perform the work.

murrer, or motion to dismiss, where it is apparent that no compensable cause of action has been pleaded. This case seems to be one where the court could have dismissed the action sua sponte on examination of the pleadings.

It would appear that although Arctic neither need to have pleaded it in the lower court, nor even to have mentioned it on appeal, Title 35–1–42, Utah Code Annotated 1953, defining the employer-employee-subcontractor situation, as amended, would be apposite in its application to Capson's pleading here,—which, under the facts, calls for us to affirm the lower court,—which we do.

ELLETT, CROCKETT, MAUGHAN and WILKINS, JJ., concur.