**Gilbert CAPSON and Linda Capson,
Plaintiffs and Appellants,**

v.

**A. J. DEAN READY MIX CONCRETE
COMPANY, Defendant and
Respondent.**

**No. 15431.**

Supreme Court of Utah.

Sept. 6, 1978.

Boyd M. Fullmer of Fullmer & Harding, Salt Lake City, for plaintiffs and appellants.

Timothy R. Hanson, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Plaintiff appeals from the district court's order granting defendant's motion for sum-

---

1. *United States v. Griffith, Gornall & Carman, Inc.*, 10 Cir., 210 F.2d 11.

2. 18 Utah 2d 3; 414 P.2d 89.

mary judgment. We reverse and remand. Costs to plaintiffs. All statutory references to U.C.A.1953.[1]

In 1972, plaintiff was a subcontractor doing foundation work in the construction of an Arctic Circle drive-in in Salt Lake City. Arctic Circle Inc. was the general contractor, and had excavated five feet below grade for construction of the foundation. After plaintiff had constructed the forms, aggregate was ordered from A. J. Dean Ready Mix Concrete Company, the defendant. As the truck was unloading the aggregate into plaintiff's forms, the bank on which it sat collapsed into the trench, injuring plaintiff. He sued both Arctic Circle Inc. and defendant, alleging negligence.

*Capson v. A. J. Dean Ready Mix Concrete Company,* Utah, 556 P.2d 505 (1976) disposed of plaintiff's action against Arctic Circle, Inc. In that case, we affirmed the district court holding that based upon the allegations in plaintiff's second amended complaint, he was an employee of Arctic Circle, Inc. for purposes of the Workmen's Compensation Act. It thus provides his exclusive remedy against Arctic Circle, Inc.

The district court in this case granted defendant's motion for summary judgment on the grounds plaintiff and defendant were, as a matter of law, co-employees of Arctic Circle, Inc. The court apparently based its decision on three allegations in plaintiff's second amended complaint:

5. That the concrete was ordered by Arctic Circle, Inc. to be poured in the forms provided by the Plaintiff Gilbert Capson.

6. That the Defendant Arctic Circle, Inc. by and through its agents directed the placement of the A. J. Dean Ready Mix Concrete Company truck for discharging the concrete.

\* \* \* \* \* \*

8. That the agent driver for A. J. Dean Ready Mix Concrete Company placed the truck on the location as directed by the agent for Arctic Circle, Inc. without inspecting the ground.

These statements in plaintiff's complaint do not, as a matter of law, establish defendant was a statutory employee of Arctic Circle, Inc.

Section 35–1–42 states in relevant part:

Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, such contractor, and all persons employed by him, and all subcontractors under him, and all persons employed by any such subcontractors, shall be deemed, within the meaning of this section, employees of such original employer. Any person, firm or corporation engaged in the performance of work as an independent contractor shall be deemed an employer within the meaning of this section. The term "independent contractor," as herein used, is defined to be any person, association or corporation engaged in the performance of any work for another, who, while so engaged, is independent of the employer in all that pertains to the execution of the work, is not subject to the rule or control of the employer, is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer only in effecting a result in accordance with the employer's design.

A basic condition for the application of this section is, the employer must "retain supervision or control" over the contractor, for the contractor to become an "employee." Other than the above listed allegations of the complaint, there are no facts in the record shedding any light on the relationship between Arctic Circle, Inc. and defendant. Such facts, when brought out, may well establish defendant's status as simply a "material man," and thus, not immune to suit.

---

1. It is noted this matter arose before the 1975 amendment to 35–1–62. Thus, appropriate law, prior to that amendment, is here applied.

Several cases in Utah have dealt with the status of deliverers of materials, such as defendant, under the Workmen's Compensation Act. These cases involved claims for compensation under insurance carried by the general contractor, and while they differ in some respects from this case, they discuss factors determinative of the person's status as an "employee" of the general contractor.

In *Angel v. Industrial Commission*,[2] the general contractor hired one Skoubye to pour aggregate for five cents per cubic yard. The general contractor paid Skoubye's employees and directed Skoubye where to pour the aggregate. Skoubye mixed the aggregate on the construction site and poured it into forms where he was told. This Court held Skoubye to be an independent contractor, under statutory language identical to Sec. 35–1–42.

*Luker Sand and Gravel Co. v. Industrial Commission*,[3] involved the construction of the Veteran's Hospital, in which Luker Sand and Gravel Co. had a contract to furnish sand. It paid one Hobbs by the cubic yard to haul sand from a pit to the hospital site. The route traveled and number of hauls made were of no concern to Luker Sand and Gravel Co. On one trip one of Hobbs' drivers was killed, and his estate sought compensation under the act, claiming the driver worked for Luker Sand and Gravel Co. This Court held the driver was not an employee of the sand and gravel company.

In *Gallegos v. Stringham*,[4] Gibbons and Reed Company had a contract to lower the grade of a certain street. Defendant orally agreed to furnish a truck and driver to Gibbons and Reed for ten dollars per hour while in use. Defendant had to maintain his position in a line of trucks, all hauling dirt for the contractor. This Court held Gibbons and Reed Company retained supervision over the work done by defendant, since it paid defendant by the hour and thus had an interest in the manner of delivery of the dirt. Defendant was held to be an employee of Gibbons and Reed Company within the meaning of Section 35–1–42.

No facts exist in this record to justify the conclusion defendant is an employee of Arctic Circle, Inc. At most, from the record, defendant emerges as a mere material man.

Whether one is an employee vel non, is a jurisdictional question.[5] Because of the paucity of facts in the record, we remand for the determination of all issues including the jurisdictional issue.

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

CROCKETT, J., concurs in result.

2. 64 Utah 105, 228 P. 509 (1924).

3. 82 Utah 188, 23 P.2d 225 (1933).

4. 21 Utah 2d 139, 442 P.2d 31 (1968).

5. See citation at footnote 3.