Eileen C. **STEWART,** as personal representative of the Estate of Lewis Junior Stewart, Plaintiff and Appellant,

v.

**CMI CORPORATION and Gibbons & Reed Construction Company, Defendants and Respondents.**

No. 20737.

Supreme Court of Utah.

Aug. 7, 1987.

Laurie Haynie, Salt Lake City, for plaintiff and appellant.

LeRoy S. Axland, and Lawrence Summerhays, Salt Lake City, for defendants and respondents.

---

PER CURIAM:

Plaintiff's decedent, Lewis Junior Stewart, was killed while in the course of his employment when he was pulled into a large screw-auger. The auger was attached to a fine grader manufactured by defendant CMI Corporation. Stewart was using a portable vibrator to move cement through the auger. Plaintiff alleges that the auger system, as well as the platform on which Stewart stood to accomplish this job, was designed and manufactured by Gibbons & Reed, Stewart's employer. Benefits were paid to Stewart's heirs by Gibbons & Reed pursuant to the Workers' Compensation Act. Plaintiff brought this wrongful death action against CMI and Gibbons & Reed on a theory of strict products liability.

The district court dismissed the complaint against the employer, ruling that plaintiff's exclusive remedy is in workers' compensation. The trial court's order was certified as a final judgment pursuant to Utah R.Civ.P. 54(b), and plaintiff appeals.

Utah Code Ann. § 35–1–60 (1974) provides in pertinent part:

The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, *shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise,* to such employee or to his spouse, widow, children, parents, dependents, next of kin, heirs, personal representatives, guardian, or any other person whomsoever, on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment, and no action at law may be maintained against an employer or against any officer, agent or employee of the employer based upon any accident, injury or death of an employee.

(Emphasis added.)

Though it would appear that the above statute is clear and all encompassing, plaintiff asserts that the exclusive remedy provision is not an absolute bar to bringing a products liability action against the employer,[1] and plaintiff urges this Court to adopt the "dual capacity" exception to the workers' compensation law. She argues that the dual capacity doctrine has been recognized in several other jurisdictions and that when an employer "steps into another capacity, such as a product manufacturer, its actions should not be shielded by workers' compensation laws, and it must assume all the duties and liabilities stemming from its second capacity."

The plaintiff employee in *Bingham v. Lagoon Corp.*, 707 P.2d 678 (Utah 1985), also urged adoption of the dual capacity doctrine. In that case, the plaintiff asserted that her employer wore two hats: the first being that of an amusement park operator; the second, the hard hat of a contractor which was constructing the "Colossus" ride at the amusement park. We there rejected the argument that an employer occupies a separate capacity and owes separate duties to his employees as an owner of the premises than he does generally as an employer and declined to adopt the dual capacity doctrine under those circumstances. We similarly see no clear distinction in this case between the

---

1. Plaintiff cites *Bryan v. Utah Inter.*, 533 P.2d 892 (Utah 1975), and *Shell Oil Co. v. Brinkerhoff-Signal Drilling Co.*, 658 P.2d 1187 (Utah 1983), as cases in which this Court has found exceptions to the exclusive remedy provisions of the workers' compensation law. In *Bryan,* this Court held that one who intentionally injures a fellow employee may be separately liable to the injured worker. In such a case, the employer would be liable only for the benefits provided under the Workers' Compensation Act and could not be required to respond as the offending employee's superior. In *Shell Oil,* we held that a contract whereby a joint venturer agreed to indemnify his partner against liabilities incurred on the joint venture jobsite was enforceable, though the contract resulted in an employer's agreement to accept liability in excess of the compensation due under the Act, where the partner's negligence resulted in injury to the joint venturer's own employee.

duties owed by an employer to furnish safe equipment for its employees when it purchases those tools, and the duties owed to its employees to furnish safe equipment when it has manufactured the tools itself. The dual capacity doctrine does not apply in this situation because the employer has not assumed a separate and distinct obligation toward his employee other than as employer. An action against this employer sounding in products liability is therefore barred by Utah Code Ann. § 35–1–60.

Courts in other jurisdictions which have considered the "dual capacity doctrine" have held as we do today. *See Winkler v. Hyster Co.*, 54 Ill.App.3d 282, 12 Ill.Dec. 109, 369 N.E.2d 606 (1977); *Knous v. Ridge Machine Co.*, 64 Ohio App.2d 251, 413 N.E.2d 1218 (1979); *Williams v. State Compensation Insurance Fund*, 50 Cal. App.3d 116, 123 Cal.Rptr. 812 (1975); *Shook v. Jacuzzi*, 59 Cal.App.3d 978, 129 Cal.Rptr. 496 (1976). In fact, few courts have allowed products liability claims against an employer except where the employer's capacity as employer is incidental in the case, that is, where the employee was not acting within the scope of his employment at the time of the injury, but was injured as a member of the general public while using a product incidentally manufactured by his employer. *See, e.g., Sago v. Amax Aluminum Mill Products, Inc.*, 67 Ill.App.3d 270, 24 Ill.Dec. 250, 385 N.E.2d 17 (1978).

We find no error in the district court order dismissing the employer as defendant in this action, and the judgment is affirmed.