**Percy MOUNTEER, Plaintiff and Appellant,**

v.

**UTAH POWER & LIGHT COMPANY, Defendant and Respondent.**

**No. 880189–CA.**

Court of Appeals of Utah.

May 2, 1989.

Robert B. Sykes, M. Gale Lemmon, Salt Lake City, for plaintiff and appellant.

Robert Gordon, Paul H. Proctor, Salt Lake City, for defendant and respondent.

Before BENCH, GARFF and JACKSON, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

Percy Mounteer appeals from the final order and judgment dismissing his complaint for failure to state a cause of action against respondent Utah Power & Light Company ("UP & L"). We affirm.

According to the June 1987 complaint filed in this action, Mounteer worked as a warehouseman at UP & L's mine in Emery County, Utah. He was under elevated mental stress because of his involvement in the December 1984 Wilburg mine disaster. Niki Larsen, a security guard for UP & L, was instructed by her superiors at UP & L to investigate Mounteer for suspected drug use. UP & L had specific procedures to be followed in such cases. On October 6, 1986, Larsen came to the mine, briefly interviewed Mounteer at work, and

> in violation of company policy, and on an open-page system that was connected to loudspeakers, knowingly communicated to many of defendant's other employees that [Mounteer] was on drugs. When advised by another of defendant's employees that it was being broadcast on the public-address system, Larsen per-

sisted and continued to make allegations to the effect that plaintiff was on drugs.

These false statements, which Mounteer claimed were either intentionally, recklessly, or negligently made by Larsen, resulted in severe mental and emotional damage that, in turn, resulted in Mounteer's hospitalization and the aggravation of his post-traumatic stress disorder, rendering him totally disabled from employment.

Mounteer did not sue Larsen, and made no allegations of any negligent or intentional injurious acts by UP & L directly. Instead, he sought to hold UP & L vicariously liable in damages for the acts of its agent, Larsen, under three asserted causes of action. The first was for slander for the unprivileged publication of false and defamatory statements, which, "in fact, was in violation of the company's procedures with respect to allegations of drug use...." The second and third causes of action were for intentional and negligent infliction of emotional distress. He requested reimbursement for medical expenses, and damages for permanent total disability, suffering, and damage to reputation.

In the absence of any allegations that UP & L intended or directed Larsen's injurious acts, which were allegedly in violation of UP & L's policy, the trial court concluded UP & L could not be liable. Mounteer's complaint was dismissed without prejudice.[1]

In reviewing a dismissal for failure to state a claim, this court must construe the complaint in the light most favorable to the plaintiff and indulge all reasonable inferences in plaintiff's favor. *Arrow Indus. v. Zions First Nat'l Bank*, 767 P.2d 935, 936 (Utah 1988). Such a dismissal is appropriate only where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claims asserted. *Freegard v. First W. Nat'l Bank*, 738 P.2d 614, 616 (Utah 1987).

---

1. Because this ruling resolved the legal merits of any cause Mounteer may frame against UP & L, the order dismissing his complaint without prejudice is final for purposes of appeal. *See Bowles v. State ex rel. Utah Dep't of Transp.*, 652 P.2d 1345 (Utah 1982).

Appellant avers that his is a textbook case in which the employer should be vicariously liable, under the principle of *respondeat superior,* for the negligent or intentional acts of an employee/agent that injure a third party while that employee is carrying out the employer's business and acting within the scope of employment. *See, e.g., Birkner v. Salt Lake County,* 771 P.2d 1053 (Utah 1989); *Whitehead v. Variable Annuity Life Ins. Co.,* 101 Utah Adv.Rep. 24 (1989); *see also Johnson v. Rogers,* 763 P.2d 771 (Utah 1988) (recognizing cause of action for negligent infliction of emotional distress and enunciating standards for employer's vicarious liability to third party for punitive damages awarded against negligent employee).

We agree that, viewing Mounteer's allegations in a favorable light, as we must, reasonable minds could conclude as a factual matter that Larsen was acting within the scope of her employment under the criteria enunciated in *Birkner,* 771 P.2d at 1057, when she made the allegedly defamatory statements. However, the appropriate legal analysis does not stop here. Mounteer ignores the additional key fact that he was Larsen's fellow employee when he was allegedly injured in the course of *his* employment by Larsen's performance of her assigned task and refuses to acknowledge that the workers' compensation statute has reshaped an employer's liability in such circumstances. *See Masich v. United States Smelting, Refining & Mining Co.,* 113 Utah 101, 191 P.2d 612, 615–17, *appeal dismissed,* 335 U.S. 866, 69 S.Ct. 138, 93 L.Ed. 411 (1948); *see generally* 1 A. Larson, *Workmen's Compensation Law* §§ 4.10–4.50 (1985).

■ Utah Code Ann. § 35–1–60 (1988) provides:

The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent, or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to such employee ... or any other person whomsoever, *on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment,* and no action at law may be maintained against an employer or against any officer, agent, or employee of the employer based upon any accident, injury or death of an employee....

(Emphasis added.) If an employee suffers a compensable injury, defined in Utah Code Ann. § 35–1–45 (1987) as one that occurs by accident arising out of or in the course of his employment,[2] this section bars the maintenance of an action at law against either a fellow employee who is merely negligent or the employer as a vicariously liable principal. Instead, workers' compensation provides the exclusive remedy to the injured employee. *E.g., Morrill v. J & M Constr. Co.,* 635 P.2d 88 (Utah 1981); *Gallegos v. Stringham,* 21 Utah 2d 139, 442 P.2d 31 (1968); *Masich,* 191 P.2d at 616.

■ On the other hand, an employee who, in the course and scope of his or her employment, intentionally acts to injure a co-worker is not protected by this exclusivity provision from a separate action at law for damages. *Bryan v. Utah Int'l,* 533 P.2d 892 (Utah 1975). But, in such a case, the employer is liable only to the extent of workers' compensation benefits unless the injurious act was directed or intended by the employer. *Id.* at 895. Without such direct responsibility, the employer "could not be required to respond as the offending employee's superior." *Stewart v. CMI Corp.,* 740 P.2d 1340, 1341 n. 1 (Utah 1987) (dictum). *See* A. Larson, 2A *Workmen's Compensation Law* §§ 68.21, 68.23 & n. 37, 68.33 & n. 49.1 (1987).

■ According to Mounteer's own allegations, he was indisputably injured by ac-

2. This phrase was recently changed to "by accident arising out of *and* in the course of employment." Utah Code Ann. § 35–1–45 (1988) (emphasis added).

cident[3] arising out of or in the course of his employment. He was thus clearly barred by the statute from bringing a negligence action at law against either Larsen or UP & L. His allegations concerning Larsen's intentional conduct, however, were sufficient to state a direct tort claim against *her* that was not barred by the exclusivity provision in section 35-1-60, but she was not made a defendant, and UP & L cannot be liable at law for Larsen's intentional acts merely by operation of vicarious liability.[4] If Mounteer had alleged facts supporting an inference that UP & L directed or intended Larsen's injurious acts, he would have sufficiently stated a claim against UP & L directly, and the statute would likewise afford UP & L no shield from liability in damages. "A complaint, to survive a motion to dismiss, must do more than merely allege intentional injury as an exception to the general exclusiveness rule; it must allege *facts* that add up to a deliberate intent [by the employer] to bring about injury." 2A A. Larson, *Workmen's Compensation Law* § 68.14 (1987). In the absence of any such factual allegations, however, the trial court correctly concluded as a matter of law that Mounteer failed to state a claim against UP & L.

The order of the trial court dismissing Mounteer's complaint is, therefore, affirmed.

BENCH and GARFF, JJ., concur.

---

3. Mounteer summarily contends that his injuries are not compensable as resulting from an "accident" under section 35-1-45 (1987) because they did not arise from any "physical contact, strain, exertion or other physical cause" but from mental anguish and an exacerbated nervous condition resulting from Larsen's actions. However, as the Utah Supreme Court held in *Allen v. Industrial Comm'n,* 729 P.2d 15, 22 (Utah 1986), an "accident" for purposes of workers' compensation "is an unexpected or unintended occurrence that may be either the cause or the result of the injury." Whether Mounteer's injury arose from a physical or mental cause is, therefore, irrelevant to the issue of whether it occurred "by accident" within the meaning of the statute.

4. Commenting on *Thompson v. Maimonides Medical Center,* 86 A.D.2d 867, 447 N.Y.S.2d 308 (1982), in which an employee's causes of action imputing liability to the employer for a co-employee's defamation, negligence, and intentional infliction of emotional distress were dismissed for this same reason, Professor Larson notes: "This is true even if some of the harms resulting are of a kind for which compensation affords no remedy, such as loss of reputation, humiliation and embarrassment. The psychological injuries such as depression or psychotic reactions would, of course, still be compensable under the compensation act." 2A A. Larson, *Workmen's Compensation Law* § 68.23 n. 37 (1987).