**Louise HAMILTON, Plaintiff
and Appellant,**

v.

**PARKDALE CARE CENTER, INC., a Utah corporation; and Elaine Mortensen, Defendants and Appellees.**

No. 950156–CA.

Court of Appeals of Utah.

Oct. 12, 1995.

John Preston Creer, Salt Lake City, for Appellant.

Gregory B. Wall and Cory R. Wall, Salt Lake City, for Appellees.

Before DAVIS, BILLINGS and WILKINS, JJ.

1. Mortensen was formerly dismissed as a party

## OPINION

BILLINGS, Judge:

Louise Hamilton (Hamilton) appeals from a grant of summary judgment in favor of Parkdale Care Center, Inc. (Parkdale). Having determined "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument," Utah R.App.P. 29(a)(3), we affirm.

## BACKGROUND

Hamilton was hired by Parkdale, an extended nursing facility located in Price, Utah, as the office manager on May 9, 1991. On that date, Hamilton signed a document acknowledging her receipt of Parkdale's employee handbook and confidentiality agreement.

Page one of the employee handbook contains a statement that employment at Parkdale is at will. Hamilton admitted that she received the handbook.

Hamilton claimed that, before terminating any employee, Parkdale followed a progressive discipline procedure. For the first offense, the employee would receive a verbal warning, for the second and third offenses, the employee would receive written warnings. Thereafter, if another written warning was necessary, the employee would be terminated. Of the seven employees terminated while Hamilton was employed by Parkdale, only two employees received any form of write-up before being terminated.

In April 1992, Elaine Mortensen (Mortensen)[1] became the new administrator at Parkdale. Hamilton testified Mortensen became abusive to her and that she suffered much distress as a result. Mortensen terminated Hamilton in September 1992.

Hamilton filed a claim with the Industrial Commission for lost wages, medical expenses and attorney fees for emotional injuries she received as a result of Mortensen's abusive behavior in terminating Hamilton. The Administrative Law Judge (ALJ) granted Hamilton's claim, concluding "Louise Hamilton sustained a compensable industrial accident

in this action.

on August 11, 1992, while employed by Parkdale Care Center." The Commission affirmed the ALJ's decision and entered an order granting Hamilton's requested relief, plus interest.

Hamilton next filed a complaint for wrongful termination in the Third Judicial District Court, claiming her at-will employment status had been abrogated by Parkdale's progressive discipline policy and that she therefore had an implied-in-fact contract. Hamilton contended it was Parkdale's practice to give written and verbal warnings to any employee before that employee was terminated and that Parkdale did not follow this policy before terminating her. Additionally, Hamilton argued she suffered intentional infliction of emotional distress as a result of Mortensen's actions in terminating her.

Parkdale filed motions for summary judgment contending Hamilton was an at-will employee and that Parkdale did not have a progressive discipline procedure. Parkdale also claimed Hamilton was not eligible for additional relief from her emotional injury.

The trial court granted Parkdale's motions and Hamilton appealed. On appeal, Hamilton claims the trial court erred when it determined she did not, as a matter of law, have an implied-in-fact employment contract with Parkdale and that the Utah Workers' Compensation Act bars her claim for intentional infliction of emotional distress.

### STANDARD OF REVIEW

■ Summary judgment is proper if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c). In determining whether the trial court properly granted summary judgment, we review the facts in the light most favorable to the losing party and give no deference to the trial court's legal conclusions. *Litster v. Utah Valley Community College,* 881 P.2d 933, 937 (Utah App.1994).

### ANALYSIS

#### I. At–Will Disclaimer

■ Hamilton contends the at-will disclaimer contained in Parkdale's employee handbook is not conspicuous as a matter of law and therefore does not preclude an implied-in-fact contract modifying the parties' at-will employment relationship.

In relevant part, the handbook provides, with our emphasis:

1. The contents of this handbook are presented as a matter of information only. The contents do not describe the conditions of employment *nor does the handbook constitute a contract of employment.*

2. The Facility reserves the right at any time, to change, amend, or cancel, any or all of the policies, provisions, or statements in this handbook or to vary from its policies in individual cases, without prior notice.

3. *Employment is voluntary, which means at the will of both the employee and the Facility. Such employment is for an indefinite period of time. Either the employee or the Facility can terminate the employment relationship, at any time.*

On commencing her employment with Parkdale, Hamilton signed a statement acknowledging she received a copy of this handbook.

■ Utah courts have held that a clear and conspicuous disclaimer in an employee handbook negates an employee's contention that the employment relationship is other than at will. *See Johnson v. Morton Thiokol, Inc.,* 818 P.2d 997, 1003 (Utah 1991). Factors relevant in determining whether a disclaimer is clear and conspicuous include (1) the *prominence* of the text; (2) the *placement* of the disclaimer in the handbook; and (3) the language of the disclaimer. *Lincoln v. Wackenhut Corp.,* 867 P.2d 701, 703–04 (Wyo.1994) (emphasis added).

In examining the disclaimer in the instant case, we agree with the trial court that, as a matter of law, it is clear and conspicuous and therefore find the handbook unequivocally provides that Hamilton's employment was at will. The text of the disclaimer is prominent—it is clearly enumerated and set forth under the heading "Handbook Information;" the placement is such that a reasonable employee ought to notice it—it is contained on the first interior page of the handbook; and

the language of the disclaimer is sufficiently unambiguous—the disclaimer specifically informed Hamilton that no contract of employment was being formed, that no binding contract terms were stated, and that either party could "terminate the employment relationship [ ] at any time." We therefore find the trial court did not err when it held Parkdale's at-will disclaimer conspicuous as a matter of law.

## II. Progressive Discipline

Next, Hamilton claims Parkdale's progressive discipline policy modified her at-will employment relationship and created an implied-in-fact contract term that Hamilton would not be terminated without first being given the benefit of this disciplinary procedure. She argues this is a fact-sensitive issue and contends that there are disputed issues of material fact precluding the trial court's grant of summary judgment.

When challenging a trial court's grant of summary judgment on that basis, the moving party bears the burden of (1) identifying the disputed issue(s) of fact; and (2) demonstrating how such facts are material. Hamilton fails to do this.

"This court has routinely declined to consider arguments which are not adequately briefed on appeal." *State v. Yates*, 834 P.2d 599, 602 (Utah App.1992); *see also Tasters Ltd. v. Department of Employment Sec.*, 863 P.2d 12, 25 n. 15 (Utah App.1993), *cert. denied*, 878 P.2d 1154 (Utah 1994). Consequently, because Hamilton has failed to demonstrate any facts in the record supporting her claim, we decline to address it and therefore affirm the trial court's decision.[2]

## III. Intentional Infliction of Emotional Distress

Finally, Hamilton argues the trial court erred as a matter of law when it determined section 35–1–60 of the Workers' Compensation Act barred her claim for intentional infliction of emotional distress. *See* Utah Code Ann. § 35–1–60 (1994).

While this section bars the maintenance of an action against either a fellow employee for negligence or an employer for its vicarious liability, "an employee who, in the course and scope of his or her employment, intentionally acts to injure a co-worker is not protected by this exclusivity provision from a separate action at law for damages." *Mounteer v. Utah Power & Light Co.*, 773 P.2d 405, 407 (Utah App.1989) (citing *Bryan v. Utah Int'l*, 533 P.2d 892, 894 (Utah 1975)), *vacated on other grounds*, 823 P.2d 1055 (Utah 1991). In such a case, however, "the employer is liable only to the extent of workers' compensation benefits unless the injurious act was directed or intended by the employer." *Id.; accord Bryan*, 533 P.2d at 894–95.

In the instant case, the Industrial Commission already granted Hamilton workers' compensation for her alleged emotional injuries. Additionally, Hamilton fails to present any facts or argument alleging Parkdale assented to the intentional acts of one of its employees. Accordingly, we find Hamilton's subsequent action against Parkdale barred by her prior grant of workers' compensation.

Based upon the foregoing, we affirm the trial court's grant of summary judgment in favor of Parkdale.

DAVIS, Associate P.J., and WILKINS, J., concur.

---

2. In a supplement to her brief, filed January 10, 1995, Hamilton attempts to comply with the Rules of Appellate Procedure by providing general citations to the record with no discussion regarding their importance or applicability in this case. We likewise find this attempt to supplement Hamilton's brief inadequate to warrant our consideration of this issue on appeal.