NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANICA LOVE BROWN, individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STORED VALUE CARDS, INC., DBA NUMI Financial; CENTRAL NATIONAL BANK AND TRUST COMPANY, Enid, Oklahoma, <br><br> Defendants-Appellants. | No.   21-36031 <br><br> D.C. No. 3:15-cv-01370-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 8, 2022
Portland, Oregon

Before: CLIFTON and BUMATAY, Circuit Judges, and BAKER,[**] International Trade Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Defendant-Appellants Stored Value Cards, Inc., and Central National Trust Bank of Enid, Oklahoma, appeal from the district court's order denying their motion to compel arbitration. That motion concerns an "Oregon subclass" of individuals taken into custody at a jail or other law enforcement facility in Oregon who had money taken from them upon their detention. Upon their release, that money was then returned to them via unrequested debit cards issued by Defendants from which fees or charges were then deducted from their balances. We have appellate jurisdiction under 9 U.S.C. § 16(a)(1)(A) and (B). We review both a district court's decision to deny a motion to compel arbitration and any findings on the validity and scope of an arbitration clause de novo while reviewing the district court's factual findings for clear error. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014).

It is a "fundamental principle that arbitration is a matter of contract." *Id.* "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960); *see also Knutson*, 771 F.3d at 565. Because arbitration is a matter of contract, state contract law controls whether the parties have agreed to arbitrate. *Knutson*, 771 F.3d at 565. In considering Defendants' motion to compel arbitration, the district court applied Oregon state law in determining whether the Oregon subclass members had "manifested their assent to the arbitration agreement contained in the Cardholder Agreement." In view of how the district court defined that sub-

2

class, there is no reason to conclude that any state law other than Oregon's would apply.

"Whether a contract exists is a legal question. A contract does not arise because one party desires it; there must be *mutual* assent." *Moyer v. Columbia State Bank*, 503 P.3d 472, 478 (Or. App. 2021) (cleaned up and emphasis in original). "The formation of a contract requires a 'bargain in which there is a manifestation of mutual assent to the exchange and a consideration.' Mutual assent, historically referred to as the 'meeting of the minds,' may be expressed in words or inferred from the actions of the parties." *Homestyle Direct, LLC v. Dep't of Human Servs.*, 311 P.3d 487, 492 (Or. 2013) (citation omitted) (quoting Restatement (Second) of Contracts § 17(1) (1981)). Moreover, Oregon applies an "objective theory of contracts." *Kabil Devs. Corp. v. Mignot*, 556 P.2d 505, 508 (Or. 1977); *U.S. Nat'l Bank of Or. v. Boge*, 814 P.2d 1082, 1086 & n.3 (Or. 1991) (citing, *inter alia*, *Kabil*). Whether a particular statement or act (or failure to act) constitutes a manifestation of intent is a question of fact, and if assent is to be deemed to have occurred by conduct, the conduct must be "unequivocal." *Martin v. Comcast of Cal.*, 146 P.3d 380, 388 (Or. App. 2006) (citing *Marnon v. Vaughan Motor Co.*, 194 P.2d 992 (Or. 1948)). "Without an objectively manifested meeting of the minds, no contract existed." *Id.* at 388–89.

We agree with the district court that no mutual assent to contract occurred between the Oregon subclass members and Defendants under the terms of the

Cardholder Agreement presented to the subclass members. The Cardholder Agreement provides that "[b]y accepting this card, you agree to be bound by these terms and conditions." But merely accepting the "Numi"-branded prepaid card cannot constitute acceptance of a contract. No subclass member requested the card in lieu of the cash confiscated by authorities when those members were taken to jail. Defendants cannot unilaterally impose a contract on the Oregon subclass members conditional on their "accepting" the card as they were being discharged from jail.

We reject Defendants' argument that there may be a factual dispute as to whether any subclass members manifested assent to the contract by *using* the cards after they were released from jail. In some cases, use of a card can signal assent to a contract. *See Citibank S. Dak. N.A. v. Santoro*, 150 P.3d 429 (Or. App. 2006). But under the express terms of the Cardholder Agreement, a subclass member's "use" of the card is irrelevant—assent is conditioned on "accept[ance]" of the card. We cannot accept Defendants' argument that the subclass members must be bound by the Cardholder Agreement's arbitration clause when there was no mutual assent to the Agreement.

Because we agree with the district court that no valid contract existed between any subclass member and Defendants, we need not address the parties' arguments on whether Defendants waived their right to move to compel arbitration.

**AFFIRMED.**

4