PLEWE CONST. CO. et al. v. INDUSTRIAL
COMMISSION et al.

No. 7753.   Decided April 3, 1952.   (242 P. 2d 561.)

See 71 C. J., Workmen's Compensation Acts, sec. 210. Independent contractor under workmen's compensation statutes, test for. 58 Am. Jur., Workmen's Compensation, sec. 138; 147 A. L. R. 828.

*F. A. Trottier,* Salt Lake City, for plaintiff.

*Clinton D. Vernon,* Atty. Gen., *McCullough, Boyce & McCullough,* Salt Lake City, for defendant Vernal Anderson.

WADE, Justice.

Certiorari to review an award by the Industrial Commission to Vernal Anderson for injuries sustained while working as a shingler on a building being constructed by the Plewe Construction Company. The sole question to be determined is whether the Plewe Construction Company was the employer of Vernal Anderson.

At the hearing before the Commission it appeared that the Plewe Construction Company, which was the general contractor for building of the 13th Ward Chapel, contacted John Marshall through an advertisement in a newspaper inserted by him and Bill Hunt who worked together on shingling jobs, to the effect that they repaired or fixed roofs. Marshall and Hunt agreed to do the shingling for $3.25 a square which midway through the work they did was changed to $3.50 a square upon their request for better compensation. Marshall and Hunt shingled about 85% of the roof, the Plewe Construction Company having obtained others to do the rest of it. When Marshall and Hunt reported for work, Mr. Plewe, the president of the Construction Company, told them he wanted the shingles put on ¼ inch apart and spaced 5 inches to the weather, that they were to split wide shingles and were to keep a straight line by chalking across. Mr. Plewe or his brother constantly supervised their work to see that those instructions were followed, sometimes requiring them to correct their work, particularly in regard to splitting shingles. The construction company furnished all the materials, the shingles being placed at the bottom of a ladder by the company where the

shinglers were to get them and carry them up to the roof. Marshall and Hunt furnished only their tools and labor. They did not have to report at any particular hour or leave at any stated time. They shingled when the weather permitted. The work was being done in the winter time and Mr. Plewe was anxious to have the work finished speedily. He requested that more men be put on to help shingle. Hunt inserted an ad in a newspaper for a shingler and Anderson was obtained through it. Anderson was offered the same compensation Marshall and Hunt were receiving, those two expecting to receive the full amount from the company in a single check and to pay Anderson themselves from it. Anderson reported for work on January 11, 1951, and when he got there Plewe directed him, Hunt, Marshall and some carpenters working on the job to place a tarpaulin on the roof to protect them from the weather, it having snowed. After this was done, Anderson commenced to shingle and had just started when he slipped and fell about 22 feet to the ground sustaining the injuries for which the award was made. Plaintiffs contend that Marshall and Hunt were independent contractors and that Anderson was their employee.

The Commission granted the award under the provisions of Sec. 42-1-40, U. C. A. 1943, amended S. L. '49, Chap. 52, which, so far as is pertinent here in defining an employer subject to the provisions of the Workmen's Compensation Act, reads:

"*  *  * Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, such contractor, and all persons employed by him, and all subcontractors under him, and all persons employed by any such subcontractors, shall be deemed, within the meaning of this section, employees of such original employer. *  *  *"

The Commission in making the award found that the Plewe Construction Company retained supervision and control over the shinglers' work, and that this work was a part

or process of its trade or business and therefore it was an employer under the provisions of Sec. 42-1-40.

There is no question about shingling being a part or process of the Plewe Construction Company's business, so if the facts are sufficient to sustain the Commission's finding that it retained supervision or control over the work the award must be affirmed. See *Utah Fire Clay Co.* v. *Ind. Comm.*, 86 Utah 1, 40 P. 2d 183, wherein this court in affirming an award against the Utah Fire Clay Company to an employee of a contractor who had agreed to do the hauling and delivering of its products, in construing that portion of Sec. 42-1-40, quoted above, held that even though the relationship of the contractor to the company "might be characterized by some of the elements incident to the relationship of independent contractor" the test of whether the company is deemed the employer where the work is a part or process in its trade of business, is whether it retains the supervision and control over the work of the contractor. In the instant case, the Plewe Construction Company furnished all the materials, decided where they were to be placed, told the workmen how to place the shingles and when to split them and to draw chalk lines before putting on the shingles so as to ensure straight lines. Its representative determined that they should help put up a trapaulin, and Mr. Plewe testified when he was asked if he had any further conversations (other than the original contract) with respect to the details and the way they were to do the work:

"Yes, I would talk with them and tell them how to do it and say there is not sufficient space between shingles, and I had them split shingles because if they are too wide they split themselves.

*     *     *     *     *

"Q. You mean you saw some that had not been split and you called their attention to them? A. Yes."

Mr. Plewe or his brother were at the job all the time they were working, looking over the workmen's work and direct-

ing them when they deemed it necessary, and Marshall and Hunt acquiesced and complied with all the directions. Anderson was employed by them at Mr. Plewe's direction to get more workers on the job. They did everything they were told to do. There was certainly sufficient evidence to sustain the Commission's finding that the company retained supervision and control over the work done by Marshall and Hunt. See also *Grabe* v. *Ind. Comm.*, 38 Ariz. 322, 299 P. 1031, on the question of what can be considered sufficient supervision and control under a statute similar to ours.

Award affirmed.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.