**HARRY L. YOUNG & SONS, INC.,**
**Plaintiff,**

**v.**

**Dennis A. ASHTON and the Industrial Commission of Utah, Defendants.**

**No. 13866.**

Supreme Court of Utah.

July 18, 1975.

---

which we can spare here, undertook to drive a truck belonging to the plaintiff. He went through the normal pre-employment procedures for that company and began driving in March of 1973. In July a contractual arrangement was entered into which provided for lease of the truck which he would drive on a per mile basis under certain prescribed conditions, some pertinent ones of which we refer to below, and which expressly recited that he was not an employee, but an independent contractor.

The accident occurred on August 26, 1973, while defendant was on a trip from Salt Lake to Reno. He stopped at Tempe, Utah, to have supper. Before taking the road again he climbed up on his truck to make sure the load was secure, when he slipped and fell injuring his back. The amount of the award for temporary disability for the time he was unable to work was 26 weeks, at $89.33 per week, total $2,322.58. He was also awarded hospital and medical expenses in accordance with the Industrial Commission's schedule.

Wendell E. Bennett of Strong & Hanni, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Robert J. Shaughnessy, Salt Lake City, for defendants.

CROCKETT, Justice:

Plaintiff Young seeks review and reversal of an order of the Industrial Commission awarding workmen's compensation to defendant Dennis A. Ashton for injury to his back when he slipped and fell from a truck which the Commission found he was driving in employment of the plaintiff. Plaintiff's contention below, persisted in on this review, is that Mr. Ashton was operating as an independent contractor.

Mr. Ashton was a truck driver who, through a series of events, the detail of

This is one of the frequently encountered cases which justifies the view taken by the Commission that the employer wanted the "best of two possible worlds." On the one hand, to have a person rendering a service over whom he can maintain a high degree of control; and at the same time give the person the status of an independent contractor to avoid the responsibilities he would have to an employee. The trouble arises when an employee is injured, he wants to be classified as an employee and get workmen's compensation. In the decades since the advent of workmen's compensation these conflicting interests have produced a seemingly endless series of cases.[1]

■ It should be had in mind that the issue is not whether Dennis A. Ashton was an employee of Young in the dictionary

1. E. g., *Stover Bedding Co. v. Ind. Comm.*, 99 Utah 423, 107 P.2d 1027, 134 A.L.R. 1006, and cases cited therein; *Christean v. Ind. Comm.*, 113 Utah 451, 196 P.2d 502; *Wally's Wagon, Inc. v. State Tax Comm.*, 22 Utah 2d 228, 451 P.2d 379; *Gallegos v. Stringham*, 21 Utah 2d 139, 442 P.2d 31; and see the Law of Workmen's Compensation, Larson, Sec. 44, et seq.

sense, nor is it to be determined solely from the terms used. Particularly, its character is not necessarily fixed by the fact that the agreement recites that it is not an employer-employee relationship, but is that of an independent contractor. The question of entitlement to workmen's compensation depends on whether the facts and circumstances bring him within the requirements of the Workmen's Compensation Act. Section 35-1-42 provides:

\* \* \* \* \* \*

Where any employer procures any *work to be done* . . . by a contractor over whose work he retains supervision or control . . . such contractor . . . shall be deemed, within the meaning of this section, employees of such original employer. . . . The term "independent contractor", as herein used, is defined to be any person, engaged in the performance of any work for another, who while so engaged, is independent of the employer . . . is not subject to the rule or control of the employer, is engaged only in the performance of a definite job or piece of work and is subordinate to the employer *only in effecting a result in* . . . ..

In determining whether the statutory requirements are met the courts have considered numerous factors relating to the employer-employee relationship, and have pointed out that none of them considered alone is completely controlling, but that they all should be considered together in determining whether the requirements of the statute are met.[2]

■ Speaking in generality: An employee is one who is hired and paid a salary, a wage, or at a fixed rate, to perform the employer's work as directed by the employer and who is subject to a comparatively high degree of control in performing those duties. In contrast, an independent contractor is one who is engaged to do some particular project or piece of work, usually for a set total sum, who may do the job in his own way, subject to only minimal restrictions or controls and is responsible only for its satisfactory completion.

The main facts to be considered as bearing on the relationship here are: (1) whatever covenants or agreements exist concerning the right of direction and control over the employee, whether express or implied; (2) the right to hire and fire; (3) the method of payment, i. e., whether in wages or fees, as compared to payment for a complete job or project; and (4) the furnishing of the equipment.[3]

In its carefully prepared findings and order it appears that the Commission gave due consideration to the factors just listed, and found them in favor of defendant Ashton being regarded as an employee. In support of this conclusion it recited numerous facts as persuasive, some salient ones of which are: that although the agreement indicated a lease and independent contractor relationship, the employee did not have a real choice, the Commission found that "it was either sign or no lease." The ownership of the truck was registered to H. L. Young & Sons, and was similarly indicated in other documentary evidence; and the sign on the truck also indicated that ownership. Before defendant could take a load he had to clear with plaintiff's supervisor. He was not free to refuse to haul a load, or an oversized load. He was obliged to check with the dispatcher at points along the route as to his travel and time of arrival. He was "advised" the number of miles the truck should operate each month which was not advice but "was more in the nature of a direction." The company set a

2. *Ibid.;* for a listing of the factors see particularly *Christean v. Ind. Comm.,* footnote 1 above.

3. That the furnishing of equipment, particularly expensive equipment, has a significant bearing on the question of retention of control by the employer see Larson, op. cit. footnote 1, above, citing *James v. McDonald,* 73 S.D. 78, 39 N.W.2d 478; *Calvert v. Industrial Commission,* Ohio App., 55 Ohio L.Abst. 407, 90 N.E.2d 424.

speed limit of five miles per hour less than the lawful posted speed limit, for violation of which defendant was subject to penalty; and was in fact penalized for an infraction.

 Upon our survey of the record, including the facts just recited, it appears that there is a reasonable basis in the evidence upon which to justify the Commission's conclusion that Mr. Ashton was an employee of the plaintiff within the meaning of our statute quoted above.[4] There is therefore no ground upon which its action can be regarded as capricious, arbitrary or unreasonable, in which instance it is the mandate of our statute and our decisional law that we affirm its decision.[5]

It is so ordered. Costs to defendant.

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

4. See 120 A.L.R. 1031–1056 generally on the question whether a truck driver is an employee or an independent contractor under the Workmen's Compensation Act.

5. See Sec. 35–1–85, U.C.A.1953; *Plewe Const. Co. et al. v. Ind. Comm.*, 121 Utah 375, 242 P.2d 561.