GLEN M. BARNEY & SONS, INC., and the State Insurance Fund, Plaintiffs,

v.

INDUSTRIAL COMMISSION and Robert Lamar Jensen, Defendants.

No. 16020.

Supreme Court of Utah.

March 12, 1980.

---

M. David Eckersley, of Black & Moore, Salt Lake City, for plaintiffs.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Robert J. Shaughnessy, Asst. Attys. Gen., Salt Lake City, for defendants.

HALL, Justice:

Plaintiffs Barney and State Insurance Fund [1] seek to vacate the order of the Industrial Commission which awarded workmen's compensation to defendant, Robert L. Jensen.

Jensen had previously been employed as a truck driver by Barney, having terminated his employment in order to pursue an enterprise of his own. He subsequently sought re-employment with Barney, but was informed that Barney had no work available. He was consequently referred to one Chris Patton, doing business as Western Express, who hired him to haul coal from Salina, Utah, to Page, Arizona. The truck he drove was owned by Patton and leased to Barney.

Jensen filed a claim for compensation alleging that he was injured as the result of an accident in the course and scope of his employment and further alleging that at the time of his injury he was an employee of both Patton and Barney. The claim was heard by an Administrative Law Judge who determined liability on the part of both Patton and Barney. Thereafter, the Industrial Commission denied plaintiffs' motion for review [2] and affirmed the order of the Administrative Law Judge.

The sole contention on appeal is that the evidence presented was insufficient to support the conclusion that Jensen was an employee of Barney. However, our review of the record in this matter reveals an even more basic problem.

The Industrial Commission, in its findings of fact and conclusions of law, concluded that Barney was an employer of Jensen. There are, however, no subordinate findings of fact to support that ultimate conclusion. Without proper subordinate findings, it is impossible for this Court to exercise its duty of determining whether the Commission applied the appropriate legal standards to findings adequately supported by the evidence.

What constitutes the employer-employee relationship is a matter of constant controversy. However, this Court has considered the evidentiary factors necessary to establish the relationship on numerous occasions.[3] As was stated in *Harry L. Young & Sons, Inc. v. Ashton* : [4]

> The main facts to be considered as bearing on the relationship here are: (1) whatever covenants or agreements exist concerning the right of direction and control over the employee, whether express or implied; (2) the right to hire and fire; (3) the method of payment, i. e., whether in wages or fees, as compared to payment for a complete job or project; and (4) the furnishing of the equipment. [Citation omitted.]

In the instant case, the Industrial Commission made no such findings to support its conclusion that Barney was an employer of Jensen. In the absence of appropriate findings of fact it is impossible for the Commission, and for this Court, to exercise its duty of applying the appropriate legal standards to findings adequately supported by the evidence.[5]

---

1. The compensation carrier of Barney.

2. Provided for by U.C.A., 1953, 35–1–82.53.

3. See *Harry L. Young & Sons, Inc. v. Ashton*, Utah, 538 P.2d 316 (1975) and the cases cited therein.

4. Id.

5. That the standard to be applied to the jurisdictional question of employment is that of "preponderance of the evidence," see *Luker Sand & Gravel Co. v. Industrial Commission*, 82 Utah 188, 23 P.2d 225 (1933), cited and followed in *Parkinson v. Industrial Commission*, 110 Utah 309, 172 P.2d 136 (1946); see also, *Christean v. Industrial Commission*, 113

Clearly, it is not for this Court to review the evidence for the purpose of making its own findings as will either support or reverse the determination made by the Commission.

We therefore remand this case to the Commission as fact finder for the purpose of making specific findings of fact with respect to the issue of employment of Jensen by Barney.

WILKINS, and STEWART, JJ., concur.

CROCKETT, Chief Justice (dissenting):

I dissent and, in doing so, emphasize two propositions:

The first and what should be controlling is that the Court's decision reverses the decision of the Commission on a ground not urged before the Commission nor presented on appeal. The plaintiff's statement of its only point on appeal is that "the evidence . . . is insufficient to sustain the finding that Jensen was the employee of Barney." The finding that he was an employee is the ultimate fact upon which the award is based; and it is not necessary that the findings detail the evidence thereon, though it is submitted that that evidence is in the record.

Second, where there is any reasonable basis in the evidence to sustain the finding and order of the Commission, it is our duty to affirm.[1]

As indicated in the main opinion, defendant Jensen was referred to Chris Patton for possible employment. The defendant spoke with Duane Branch, a supervisor for Patton, who arranged for him to make a test drive. Following this drive, Jensen began to make regular runs hauling coal from Salina, Utah to Page, Arizona. The evidence showed that the truck Mr. Jensen drove was owned by Patton and leased to Barney. Mr. Barney or one of his employees did the dispatching at the loading site.

Bills of lading were signed "Barney" and listed "Glen M. Barney and Sons" as the carrier. The signed delivery tickets and logs were turned over to Barney. The evidence is further that Mr. Jensen was given to understand that Barney had the vehicle under lease and that he was to take any orders that Barney gave him. However, Patton paid Jensen directly and was responsible for his withholdings.

On October 30, 1976, while the defendant was unloading the truck at Page, in twisting a wrench to open the end gate, he felt a sharp pain in his back which resulted in the injury and disability in controversy here. He was awarded his hospital and medical expenses; and $4,442.28 for temporary total disability and $5,272.21 for permanent partial disability.

The point of controversy is Barney's attack upon the Commission's finding that defendant Jensen was its employee and that Chris Patton was its subcontractor. The Commission relied on Sec. 35–1–42(2), U.C.A. 1953, as authority that where this situation exists both companies are employers under the Workmen's Compensation Act and both are liable.

Sec. 35–1–42(2) provides:

Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, *such contractor*, and all persons employed by him, *and all subcontractors under him*, and all persons employed by any such subcontractors, *shall be deemed*, within the meaning of this section, *employees of such original employer*. [Emphasis added.]

In support of its attack upon the finding that it was defendant's employer, Barney asserts that it was Patton who hired the defendant, and who had control over him

Utah 451, 196 P.2d 502 (1948) and *Sommerville v. Industrial Commission*, 113 Utah 504, 196 P.2d 718 (1948).

1. See Sec. 35–1–85, U.C.A. 1953; *Plewe Const. Co., et al. v. Ind. Comm.*, 121 Utah 375, 242 P.2d 561 (1952).

and his equipment,[2] including the servicing of the trucks, and who paid Jensen, and the workmen's compensation insurance premiums upon him.

Implementing that argument, Barney points to a copy of a lease that defendant Jensen carried in the truck, which expressly stated that Barney had no right to control the operation of Patton, that any drivers were to be employees of Patton, and that Patton was to be held liable for any Workmen's Compensation claim involving a driver.

The problem as to employer-employee relationship has been a matter of critical controversy and has been dealt with by the Commission and by this Court in numerous cases. The main opinion correctly states that there are a number of factors to be considered in making that determination,[3] no one of which alone should be controlling, but that all should be considered together.[4]

Notwithstanding what has just been said, it is not to be doubted that the right of control is a very important factor to be considered in determining whether one person should be deemed the employee of another; and that depends more on whether the right to control exists, than on whether it is in fact exercised.[5] Moreover, this Court has held that even though a worker is hired and paid by a subcontractor, he can still be an employee of the general contractor if other appropriate factors are present.[6]

Reverting to the facts of this case in the light of the law as just stated: the copy of the document carried in the truck which was presented in evidence did not have the blanks filled in. The Commission determined it to be "without value" because it lacked any designation of parties, or signatures, and did not indicate whether or not such a lease was in effect at the time in question. Such a document would not necessarily be of controlling, or even persuasive force upon the Commission, because it could be a contrived self-protective device for an employer (Barney) who desired to avoid responsibility and place it on someone else.

On the basis of the facts shown including that the truck Jensen was driving was leased to Barney; and that it was the latter who had the right to give directions, and who did the dispatching of the trucks, whose bills of lading were signed by Barney, and receipts signed for loads delivered were turned over to Barney, it is my view that there is a reasonable foundation in the evidence to justify the Commission's finding that the defendant Jensen was Barney's employee.

Wherefore, according to my understanding of both our statutory and decisional law, this Court should not vacate the decision favorable to the applicant.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of CROCKETT, C. J.

2. *Parkinson v. Ind. Comm.*, 110 Utah 309, 172 P.2d 136 (1946).

3. *Harry L. Young & Sons, Inc. v. Ashton*, Utah, 538 P.2d 316 (1975).

4. *Christean v. Ind. Comm.*, 113 Utah 451, 196 P.2d 502 (1948); *Gallegos v. Stringham*, 21 Utah 2d 139, 442 P.2d 31 (1968); and see the Law of Workmen's Compensation, Larson, Sec. 44, et seq.

5. See *Parkinson v. Ind. Comm.*, footnote 1 above.

6. *Bambrough v. Bethers,* Utah, 552 P.2d 1286 (1976), citing *Smith v. Brown*, 27 Utah 2d 155, 493 P.2d 994 (1972).