**L. Jack GRAHAM, Plaintiff,**

v.

**R. THORNE FOUNDATION and State Insurance Fund, Industrial Commission of Utah, Defendants.**

**No. 18363.**

Supreme Court of Utah.

Jan. 10, 1984.

Robert J. Shaughnessy, Salt Lake City, for plaintiff.

Timothy Houpt, Salt Lake City, for defendant.

PER CURIAM:

Petitioner Graham, an applicant for workmen's benefits, appeals from an adverse ruling of denial. Insufficiency of the evidence is the sole error assigned on appeal.

Graham contends he was an "employee" eligible for benefits by virtue of U.C.A., 1953, § 35–1–42(2), under the specific language making him such:

> Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer. . . .

Graham asserts he was employed by one Thorne to shingle some of the homes Thorne was building as a general contractor. Graham contends that while so employed he fell from a roof and sustained wrist, pelvis and hip injuries.

A law judge found and held that Graham was an independent contractor, which made him neither a worker "supervised or controlled" by Thorne nor a contributor to the "trade or business" of Thorne. On review, the Commission affirmed the law judge.

As frequently is the case, some evidence suggested the required statutory "employee" status existed and some did not. We are of the opinion and hold that the findings of the Commission were not arbitrary or capricious, wholly without cause or without any substantial evidence to support them.[1]

The applicant urged in his brief that "the issue narrows itself as to whether or not there are sufficient facts upon which the Commission based its decision that the roofing was not a part or process in the trade or business of the employer." The conclusion begs the question and ignores the "supervision and control" factor necessary to establish compensability.

Graham was a carpenter with 41 years experience predominantly in roofing. In the instant case, his charge was calculated on the number and type of "squares" installed, and he used a different and unique method of installation not employed by Thorne, the general contractor. He called Thorne and a tentative, unwritten agreement was negotiated whereby Graham periodically would shingle some of Thorne's roofs on call and bill on a monthly basis for any work done. Thorne made no deductions for social security or withholding taxes as required generally by employers. Graham used his own tools and established his own work schedule. He worked on any house he chose whether being constructed by Thorne or someone else who had employed Graham on unrelated jobs. If he was unable personally to perform the work, he employed others, including his son, and paid them personally, and they worked under his supervision and control. His helpers used their own tools. He left one job to go to another at his discretion whether it was a Thorne house or someone else's. The others that employed him did not deduct social security or withholding taxes. Thorne advised Graham he had no insurance to cover him, and the latter neither objected nor insisted that he be covered. Thorne knew little about roofing, had but few employees, such as bookkeepers, and had almost all phases of his construction work done by independent contractors. During one month, Graham worked 3 days on Thorne's construction and the rest of the month on others'. It was conceded that Graham had some latitude in the decision making.

On appeal, Graham emphasizes only that Thorne furnished the shingles and nails and determined the time Graham could go on a specific job. Thorne also directed Graham to use odd pieces of shingles in the work, to install flashing and to shingle only after the plumbing was completed. At one time, Thorne told Graham to leave the construction at two of Thorne's homes in order to commence a third and to dry the roof before shingling. Graham contends the above establishes the "part and process" part of the section noted above. The Commission disagreed.

---

1. *Kaiser Steel Corp. v. Monfredi,* Utah, 631 P.2d 888 (1981), and cases therein cited.

Graham cites seven cases, all from this Court. In each the decision of the Commission was affirmed on a basis recognizing the presumptive expertise of the Commission and its representatives. They all reflect the principle that we deem dispositive here that the Commission will be affirmed if there is presence of supportive evidence and absence of arbitrary disregard of unrefuted facts that require reversal.[2]

The applicant leans heavily on but one of the two factors required in § 35-1-42(2), *supra*. We are of the opinion that the second factor, "supervision or control" by Thorne is not supported sufficiently to establish compensability in favor of Graham as an eligible "employee." In one of the cases cited, *Harry L. Young & Sons, Inc. v. Ashton*, Utah, 538 P.2d 316 (1975), we held there was control sufficient to establish eligibility for compensation as an "employee." In discussing the area of review among other things and what we deem to be the hallmark for our decision here, we said:

> In determining whether the statutory requirements are met the courts have considered numerous factors relating to the employer-employee relationship, and have pointed out that none of them considered alone is completely controlling, but that they all should be considered together in determining whether the requirements of the statute are met. [Citation omitted.]

> Speaking in generality: An employee is one who is hired and paid a salary, a wage, or at a fixed rate, to perform the employer's work as directed by the employer and who is subject to a comparatively high degree of control in performing those duties. In contrast, an independent contractor is one who is engaged to do some particular project or piece of work, usually for a set total sum, who may do the job in his own way, subject to only minimal restrictions or controls and is responsible only for its satisfactory completion.

The decision is affirmed with no costs on appeal.

---

2. *Kaiser Steel, supra* note 1.