**BOARD OF EDUCATION OF ALPINE SCHOOL DISTRICT, Plaintiff,**

v.

**Wayne A. OLSEN and Industrial Commission of Utah, Defendants.**

No. 19076.

Supreme Court of Utah.

June 13, 1984.

David M. McConkie, Salt Lake City, for plaintiff.

Robert J. Shaughnessy, Salt Lake City, for defendants.

DURHAM, Justice:

The plaintiff Board of Education of Alpine School District seeks reversal of an

Industrial Commission order affirming an administrative law judge's award of workers' compensation benefits to the defendant, Wayne A. Olsen. Olsen was accidentally injured in the shop at Mountain View High School. On appeal, the school district claims Olsen was not employed by it, but rather was a volunteer and as such is not entitled to workers' compensation benefits. We reverse.

The Industrial Commission, in a 2–1 decision, denied plaintiff's motion for review and affirmed the order of the administrative law judge without a majority opinion. The Commission has not submitted a brief on appeal. Therefore, for purposes of appeal, we consider only the findings of fact and conclusions of law of the administrative law judge. It appears that the administrative law judge found that Olsen was a volunteer and held that volunteers are entitled to workers' compensation. However, the judge also found an implied contract of hire between Olsen and the school district and, based on an employer-employee relationship, awarded benefits to Olsen. We will consider both of these theories for recovery in our review.

The facts are not in dispute. Olsen is a 31-year-old carpenter and contractor and operates his own residential construction business. During the school year 1980–1981, he enrolled in a woodshop class at Mountain View High School in order to have use of equipment that he did not own. In the fall of 1981, Olsen asked David Haight, a shop teacher at Mountain View, if he could come in during school hours and use school shop equipment. Haight agreed as long as Olsen did not interfere with student use of the equipment.

Olsen continued to work on his personal projects throughout 1981. Sometime after Christmas, at the suggestion of Haight, Olsen began participating in the Retired Senior Volunteer Program (RSVP), a county-sponsored volunteer program designed to utilize the experience of senior citizens for the benefit of the community.[1] The

program is neither operated nor sponsored by the school district. The school district agrees to have RSVP volunteers offer their time and talents in the school district.

Olsen was interviewed by officials of Mountain View High School before beginning as an RSVP volunteer. Olsen testified that it was clear at the interview that he would be acting as a volunteer in the woodshop classes. He did not have an express written or oral contract of employment with the school or the district. He did not receive any wage or monetary remuneration for his services, nor did he have any expectation of being paid for his assistance in the classroom. He was permitted to continue to use the equipment in the shop for personal projects, which he did, so long as he did not interfere with student use.

RSVP provided Olsen with a lunch ticket, which entitled him to a daily lunch in the school cafeteria. He had no designated hours, did not attend faculty meetings, and was not evaluated as a teacher. In April 1982, he acted as a substitute teacher for one day, for which he was paid one day's wage. Olsen suffered an injury in the shop on May 20, 1982, during the lunch hour while he was working on a personal project. It is for this injury that he seeks workers' compensation benefits.

The issues on appeal are: whether the claimant was a volunteer or an employee for purposes of workers' compensation, and if he was a volunteer, whether volunteers are entitled to workers' compensation benefits. We frame our analysis in terms of the administrative law judge's decision in order to apply the correct standard of review.

The administrative law judge found first that Olsen was a volunteer and held that volunteers are entitled to workers' compensation. The school district does not dispute that Olsen was a volunteer, but rejects the legal conclusion that volunteer workers are entitled to benefits. The administrative

---

1. We have some question as to how a 29-year-old person could qualify for a retired senior volunteer program, but that issue is not relevant to our decision, nor is it explored in the record.

law judge took "judicial notice" of the "fact" that the Legislature has provided that volunteer firemen are eligible for workers' compensation, U.C.A., 1953, § 49–6a–31, and that volunteers of the State Department of Natural Resources are considered employees for purposes of workers' compensation benefits. U.C.A., 1953, § 63–34–11 (Supp. 1983). He determined that "these provisions evidence an intent on the part of the Legislature to extend worker's compensation benefits to volunteers who are injured during the course and scope of their voluntary labor."

■ In reviewing interpretations of general questions of law, such as the one before us, we apply a correction-of-error standard, with no deference to the expertise of the Commission. *Utah Department of Administrative Services v. Public Service Commission*, Utah, 658 P.2d 601 (1983).

■ The administrative law judge's interpretation of the implications of statutory provisions relating to volunteer firemen and volunteers for the Department of Natural Resources is patently incorrect. Utah's workers' compensation scheme is a purely statutory creation. This Court cannot expand the statute to subjects not included in its provisions. *Bingham City, et al. v. Industrial Commission*, 66 Utah 390, 392, 243 P. 113, 113–14 (1926). The law provides for compensation for industrial accidents to be paid to *employees,* as defined by the Workers' Compensation Act, U.C.A., 1953, § 35–1–45, and it does not include volunteers. U.C.A., 1953, § 35–1–43 (Supp. 1983). Volunteer firemen are specifically made eligible for line-of-duty death and disability benefits under the Utah Firemen's Retirement Act. U.C.A., 1953, § 49–6a–1 to –42, and only regularly enrolled firemen are eligible for benefits. U.C.A., 1953, § 49–6a–4(30) (Supp. 1983). Under the Utah Natural Resources Act, U.C.A., 1953, § 63–34–1 to –8, volunteers for the Department of Natural Resources are specifically included as "employees" for purposes of workers' compensation benefits. To extrapolate from those particular provisions that *all* volunteers are eligible

for workers' compensation is beyond the scope of the Commission's authority or ours. Thus, we hold that, as a volunteer, Olsen is not eligible for workers' compensation under Utah law.

The administrative law judge also found there was an "implied contract of hire between the Applicant [Olsen] and the School District, even though the Principal and Vice-Principal of the school may not have been specifically authorized to hire the Applicant." While he acknowledged that "the remuneration was slight, i.e., the price of a lunch ticket, he reasoned that the work performed by Olsen furthered the interest of the school district, and he was entitled to receive compensation benefits for his medical bills and toward his lost time."

■ The decision below, that Olsen was an employee for purposes of workers' compensation, is entitled to some deference, but is subject to judicial review to assure that it falls within the limits of reasonableness or rationality. *Utah Department of Administrative Services v. Public Service Commission, supra,* at 610. Thus, we are confined to a determination of whether the facts support the conclusion of law or whether the decision is contrary to the evident purpose of the statute. *Id.* at 611.

■ The question on appeal is whether Olsen was a statutory "employee" as that term is used in U.C.A., 1953, § 35–1–43, which defines "employee" as:

(1) Every elective and appointive officer, and every other person, in the service of the state, or of any county, city, town or school district within the state, serving the state, county, city, town or school district therein under any election or appointment, or under any contract of hire, express or implied, written or oral, including all officers and employees of the state institutions of learning.

It is undisputed that there was no express contract of hire, written or oral, in this case. Olsen testified that he understood he was an RSVP volunteer. The record reveals no circumstances creating an implied contract of hire. The administrative law

**52**

judge relied on Olsen's "benefiting" the school district by his volunteer activity.[2] This Court has articulated several factors to be considered in establishing whether an employment relationship exists. The cases have concerned independent contractors primarily, but the same principles apply. *Weber County-Ogden Relief Committee v. Industrial Commission*, 93 Utah 85, 93, 71 P.2d 177, 180 (1937). An employee is hired and paid a salary or wage, works under the direction of the employer, and is subject to the employer's control. *Harry L. Young & Sons, Inc. v. Ashton*, Utah, 538 P.2d 316, 318 (1975). We have also considered the intent of the parties, *Rustler Lodge v. Industrial Commission*, Utah, 562 P.2d 227 (1977), and the business of the employer. *Sorenson v. Industrial Commission*, Utah, 598 P.2d 362 (1979).

In the present case, Olsen received no compensation for helping in shop classes. He was brought in as an RSVP volunteer. The lunch tickets were not provided by the school district, but by RSVP. The school district had no control over his hours or any other aspect of his volunteer work. There is no evidence that he or the school district intended to establish an employment relationship, even an informal one. Olsen operated his own residential construction business, and from the record it appears that most of the carpentry work he performed as a "volunteer" was in fact for his business. At the time of the injury, he was working on a personal project.

In conclusion, there is no evidence that an implied contract of hire existed between the parties. Therefore, there is no basis for the conclusion that Olsen was an employee for purposes of workers' compensation. To grant benefits to a volunteer under the circumstances of the instant case would be contrary to the purpose of the statute. We reverse. No costs awarded.

HALL, C.J., STEWART and HOWE, JJ., and BOYD BUNNELL, District Judge, concur.

2. It is clear, however, that one of Olsen's primary motives was to use the high school shop equipment for his personal business. He testi-

OAKS, J., having resigned, does not participate herein.

BOYD BUNNELL, District Judge, sat.

fied that much of his assistance in the shop class consisted of having students observe his techniques in doing his own work.