REQUESTED BY: Maxine Moul, Director Department of Economic Development
You have requested the opinion of this office concerning the extent to which students participating in the federal School to Work Opportunities Act are covered under the Nebraska Workers' Compensation Act (hereinafter referred to as the Act). In your letter, you state that you believe that students participating in the School to Work program, if paid by their employer, are covered pursuant to Nebraska Workers' Compensation Laws. You have also posed the following questions:
 1. Whether your opinion that students who are being paid are covered under the Nebraska Workers' Compensation laws is correct?
 2. Whether students participating in School to Work opportunities, if they are in an unpaid learning or work activity, are covered under the Nebraska Workers' Compensation Act?
 3. Assuming that students who are unpaid are not
covered under the Act, who must assume liability should an accident occur?
To be covered by the Workers' Compensation Act, there must exist an employer — employee relationship. Neb. Rev. Stat. §48-115 (2) (1993) defines an employee as follows:
 Every person in the service of an employer who is engaged in any trade, occupation, business, or profession as described in section 48-106 under any contract of hire, expressed or implied, oral or written, including aliens and also including minors, who for the purpose of making election of remedies under the Nebraska Workers' Compensation Act shall have the same power of contracting and electing as adult employees.
The Act requires that service be performed under a "contract of hire." The threshold question in the present instance is to determine whether the element of "hire" is present. If so, the student worker could be included in the definition of "employee," and entitled to receive the benefits associated with that status under the Act.
A "contract of hire" connotes that the worker will receive payment of some kind in return for his/her labor. In fact, the underlying purpose of the Act is to restore to an injured worker part of the loss of wages attributable to a work-related injury. This assumes that the worker is in a gainful occupation at the time of the injury. As Professor Larson notes in his seminal treatise on Workers' Compensation Law, "it would be impossible to calculate compensation benefits for a purely gratuitous worker, since benefits are ordinarily calculated on the basis of earnings." 1B A. Larson, The Law of Workmen's Compensation, § 4710 at 8-310 (1994).
Students who are paid monetary wages from an employer as a result of their participation in the School to Work Act would probably be considered employees within the dictates of the compensation laws. Monetary payment would satisfy the element of "hire" as provided in § 48-115 (2). This conclusion assumes, however, that such students are performing work in the usual course of the trade, business, profession, or occupation of his or her employer, and that all other pertinent statutory requisites are satisfied (i.e., the business is an employer as defined in Neb. Rev. Stat. § 48-114). With the aforementioned assumptions in mind, your opinion that paid students are covered under the Act is likely correct.
With respect to whether unpaid student workers are "employees," several factors must be considered. Research upon the subject has revealed no Nebraska cases dealing directly with your question. An examination of cases from other jurisdictions, however, indicates that workers who neither receive nor expect to receive any kind of pay for their services are generally not considered "employees" for purposes of coverage under workers' compensation laws. Such individuals are generally classified as gratuitous or volunteer workers. A compilation of these authorities is included in Larson's treatise, supra; § 47.41 (a)-(c) at 8-346 to 8-367. The central theme of these opinions is that, absent payment of wages, there can be no contract of hire and thus no employment relationship. See Kirksey v. AssuranceTire Co., 428 S.E.2d 721 (S.C.App. 1993) (Daughter of company's owner was not an employee because she neither received nor expected to receive pay for her services. Without payment, there was no contract of hire); Bd. of Educ. of Alpine School Dist. v.Olsen, 684 P.2d 49 (Utah 1984) (Claimant, a carpenter who volunteered to help instruct a high school shop class, was not an employee of the school as he received no compensation, save for complimentary school lunch tickets); Ky. Farm Power Equip. v.Fulkerson Bros., 631 S.W.2d 633 (Ky. 1982) (Under compensation law, claimant must be employee for hire. Absent compensation or expectation thereof, no benefits can be awarded); Texas Emp. Ins.Ass'n v. Burrell, 564 S.W.2d 133 (Tex.Civ.App. 1978) (One who assumes a service on his own free will without any express promise of remuneration is a volunteer and not an employee. Remuneration is a necessary element in a contract of hire).
A case which closely parallels the question at hand is Beallv. Altus Public School District, 632 P.2d 400 (Okla. 1981). Beall was injured while working on a house construction project for his high school carpentry shop class. He thereupon filed a claim in the Workers Compensation Court seeking benefits for his injury. The stated purpose of the construction project was to give students training in the actual construction of residences. The Oklahoma Supreme Court held that for an employer-employee relationship to lie there must be a "contract for hire" for agreed "wages." Id. at 402. Beall received no wages for his work. Additionally, the court noted that Beall was advancing his own interests in working on the project by perfecting his carpentry skills. The court therefore held there was no contract for hire and affirmed the Compensation Court's denial of benefits.
It is important to note that the element of payment, to satisfy the requirement of a contract of hire, need not be in money, but may be in anything of value. 1B A. Larson, Workers' Compensation Law, § 47.43 (a) at 8-384 (1993). There is a line of cases from other jurisdictions where training received by a student has been considered the equivalent of wages. Most of these cases dealt with student teachers or student nurses who received training and college credit in return for their efforts. There is also a line of cases where nursing home or hospital volunteers have received non-monetary benefits in return for their services. For examples of these type of cases, See Walls v.North Miss. Medical Center, 568 So.2d 712 (Miss. 1990) (en banc);Gotto v. ARA Living Center, 570 So.2d 1172 (La.Ct.App. 1990);Yaffe v. St. Louis Children's Hosp., 648 S.W.2d 549 (Mo.Ct.App. 1982); Betts v. Ann Arbor Pub. Schools, 271 N.W.2d 498 (Mich. 1978).
The present situation is readily distinguishable from the above-described cases. Most of the individuals involved in those cases were college students who were required to participate in on-the-job learning experiences to attain their degrees. From your letter, there is no indication that it is mandatory for students to participate in the School to Work Program. If students are not compelled to participate, participation could be viewed as a voluntary act designed to further the interests of the student. Therefore, unpaid students could be categorized as gratuitous workers who do not fall within the class of people covered by the Act.
Another factor buttressing this position is the narrow definition of the term "wages" in the Act. Neb. Rev. Stat. §48-126 provides:
 Wherever in the Nebraska Workers' Compensation Act the term wages is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident. It shall not include gratuities received from the employer or others, nor shall it include board, lodging, or similar advantages received from the employer, unless the money value of such advantages shall have been fixed by the parties at the time of hiring, except that if the insurance carrier shall have collected a premium based upon the value of such board, lodging, and similar advantages, then the value thereof shall become a part of the basis of determining compensation benefits. . . .
School credit does not appear to fit within the above definition of wages. The most principled position regarding unpaid students, then, is that they are not employees within the meaning of the Nebraska Workers' Compensation Act.
The answer to your final question — who must assume liability for unpaid student workers injured on the job — is much less clear. Assuming that such students are not employees, possible liability would be dependent upon a variety of factors, such as the possible negligence of the business owner or the employees thereof, the contributory negligence of the worker, the amount of control the school exercised over the program, etc. Furthermore, it is entirely plausible, given the probable gratuitous employee status of unpaid students, that absent negligence on someone's part, neither the school nor the business would be liable for injuries. A definitive answer to your third question would depend on the facts of a particular situation.
Sincerely,
 DON STENBERG Attorney General
 David T. Bydalek Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General