**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CINDY CERKA,

       Plaintiff-Appellant,

v.

SALT LAKE COUNTY; AARON
KENNARD, individually and/or in his
capacity as Salt Lake County Sheriff,

       Defendants-Appellees.

No. 98-4034
(D.C. No. 97-CV-203-G)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Cindy Cerka appeals the district court's order dismissing her complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).   See Cerka v. Salt Lake County  , 988 F. Supp. 1420 (D. Utah 1997).  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

<u>Background</u>

Plaintiff worked as a nurse in the Salt Lake County Jail.  In November 1992, jail inmates and employees, including plaintiff, began to experience respiratory problems associated with working at the jail.  In January 1993, the Salt Lake County Health Department inspected the jail and discovered that raw sewage had leaked into the concrete tunnel that brought fresh air into the jail.  As a result, sewer gas and other sewer-grown bioaerosols had contaminated the jail's air.  The Health Department reported that medical studies had linked bioaerosols with serious respiratory illnesses and other allergic symptoms.  From November 1992 to March 6, 1993, plaintiff suffered from allergic symptoms due to exposure from the jail ventilating system.  On March 6, 1993, plaintiff suffered severe respiratory difficulty and lost consciousness, causing severe, permanent brain injury.  She then brought suit in a Utah state court claiming violation of her federal civil rights, pursuant to 42 U.S.C. §§ 1983 & 1988, and for damages pursuant to state law.  Defendants removed the case to federal court, pursuant

to 28 U.S.C. § 1441, and moved to dismiss. The federal district court granted dismissal. Plaintiff appeals.

Standards of Review

We review de novo whether a complaint is sufficient to withstand dismissal under Rule 12(b)(6), accepting as true all well-pleaded facts of the complaint and construing them in the light most favorable to plaintiff. See Bauchman ex rel. Bauchman v. West High School, 132 F.3d 542, 550 (10th Cir. 1997), cert. denied, 118 S. Ct. 2370 (1998). "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling her to relief," but "[t]he complaint itself must show [plaintiff] is 'entitled to relief' under each claim raised." Id. (quoting Fed. R. Civ. P. 8(a)(2)). We apply the law of Utah, the forum state, to the state law claims. See Lytle v. City of Haysville, 138 F.3d 857, 868 (10th Cir. 1998).

Federal Due Process Claim

Plaintiff first alleges the district court erred in dismissing her claim for violation of her rights under the Due Process Clause of the Fourteenth Amendment, brought pursuant to 42 U.S.C. §§ 1983 & 1988. The Due Process Clause "was intended to prevent government officials 'from abusing [their] power, or employing it as an instrument of oppression.'" Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (quoting DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196 (1989) (further quotation omitted)). The core of due process is to protect against arbitrary governmental action, but "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 118 S. Ct. 1708, 1716 (1998) (quoting Collins, 503 U.S. at 129). The Due Process Clause does not "impose federal duties that are analogous to those traditionally imposed by state tort law," Collins, 503 U.S. at 128, and does not impose "liability whenever someone cloaked with [governmental] authority causes harm," Lewis, 118 S. Ct. at 1717. To state a substantive due process claim, a plaintiff must allege an abuse of power that shocks the contemporary conscience. See id. at 1717 & n.8. Further, the Supreme Court has cautioned restraint in expanding the concept of substantive due process. See Collins, 503 U.S. at 125.

"[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Lewis, 118 S. Ct. at 1718. Here, plaintiff argues that her complaint can withstand dismissal because she alleged intentional conduct on the part of the defendants, *i.e.* that they intended for her to continue to perform the duties of her job at the contaminated jail. The intent required for a substantive due process violation is an intent to injure, not an intent that plaintiff perform the duties of her job. See Collins, 503 U.S. at 117-18, 125 (no due process violation even though state actor intentionally sent plaintiff's decedent into sewer where he sustained mortal injury); Lewellen v. Metropolitan Gov't of Nashville & Davidson County, 34 F.3d 345, 351 (6th Cir. 1994) (no due process violation even though state actors intentionally delayed moving power line that injured plaintiff).

Plaintiff also argues that defendants actively misled her to believe her working environment was safe even though they knew it was not, but she has not alleged facts to support her argument. See Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 619 (10th Cir. 1998) (A "plaintiff[] may not rely on arguments extending beyond the allegations of the complaint to overcome pleading deficiencies; rather, the complaint itself must show that plaintiff[ is] entitled to relief." (quotation omitted)).

Plaintiff's amended complaint does not state a claim for violation of her federal due process rights because it does not allege an abuse of governmental power that shocks the conscience. Therefore, district court correctly dismissed this claim.

State Law Claims

Plaintiff also appeals the district court's dismissal of her pendent state law claims. She asserts that (1) her allegations of intentional conduct removed her case from the restrictions on recovery imposed by the Utah workers' compensation statutes, and (2) governmental immunity was waived because her injury arose from a dangerous or defective condition of a public building.

Under Utah law, an employee injured in the course of her employment generally is limited to remedies provided by the workers' compensation act, except for injuries based on certain intentional torts. See Bryan v. Utah Int'l, 533 P.2d 892, 894 (Utah 1975) (providing for exception to general exclusivity of remedies). To qualify under the intentional tort exception to the workers' compensation remedies, an employee must "show that [her] employer or fellow employee manifested a deliberate intent to injure [her]." Lantz v. National Semiconductor Corp., 775 P.2d 937, 940 (Utah Ct. App. 1989).

Here, plaintiff alleges that defendants were aware that jail employees and inmates had complained of respiratory problems, the Health Department had

reported that certain areas of the jail were contaminated, the type of contamination at the jail was linked with serious respiratory illnesses and other allergic symptoms, defendants failed to remedy the situation prior to plaintiff's injury, and defendants continued to require plaintiff to work in the jail. Plaintiff has not alleged "an actual deliberate intent to injure [her]," id., and therefore she has failed to state a claim entitling her to relief under the intentional torts exception to the exclusive workers' compensation remedies.

Finally, plaintiff claims she may maintain a suit against these governmental defendants because governmental immunity is waived when an injury was caused by a dangerous or defective condition of a public building, including the jail in which she worked. See Utah Code Ann. § 63-30-9 (1965).

Utah Code Ann. § 35-1-60 (1949) [1] provides that the right to recover workers' compensation benefits for injuries sustained by an employee "shall be the *exclusive remedy* against the employer and . . . the liabilities of the employer imposed by [the workers' compensation scheme] shall be in place of any and all other civil liability whatsoever . . . on account of any . . . injury . . . in any way contracted, sustained, aggravated, or incurred by the employee." (emphasis added). See also Gourdin ex rel. Close v. Sharon's Cultural Educ. Recreational

---

[1]    Renumbered by amendment in 1996, effective July 1, 1997, to Utah Code Ann. § 34A-2-105.

Ass'n, 845 P.2d 242, 244, 245 (Utah 1992) (employee's exclusive remedy for injury is workers' compensation). In construing statutes, the court's "duty [is] to construe each act of the legislature so as to give it full force and effect. When a construction of an act will bring it into serious conflict with another act, our duty is to construe the acts to be in harmony and avoid conflicts." Jerz v. Salt Lake County, 822 P.2d 770, 773 (Utah 1991). A federal court applies "the substantive law of the forum state [to] reach the same decision [it] believe[s] that state's highest court would." Lytle, 138 F.3d at 868.

An interpretation permitting plaintiff to recover under § 63-30-9 would impermissibly conflict with the provisions of § 34A-2-105 providing the exclusive remedy to an injured employee. In addition, Utah Code Ann. § 63-30-4(2) (1965) provides that nothing in the governmental immunity act "may be construed as adversely affecting any immunity from suit that a governmental entity or employee may otherwise assert under state or federal law." Here, defendants may assert the immunity from suit provided by the workers' compensation act. We note further that Utah Code Ann. § 35-1-62 (1953) [2] permits a claim for damages only against persons *other than* the employer or its agent. Therefore, construing the statutes to avoid conflict, we conclude that

---

[2] Renumbered by amendment in 1997, effective July 1, 1997, to Utah Code Ann. § 34A-2-106.

plaintiff is limited to the remedies available under the workers' compensation act and she may not maintain a claim under § 63-30-9.

## Conclusion

We have carefully reviewed the materials submitted by the parties, as well as the applicable law. For the reasons stated herein, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge